F. H. Rainbolt et al. and L. D. Stevens v. S. W. March et al.

1. Intervention—Evidence—Practice.—One who intervenes in a cause must accept the case as to all previous orders made and papers filed, including depositions as they appear at the time of intervening. He cannot object to depositions already taken on the ground that he had no opportunity to propound cross-interrogatories. But it would seem that he would not be precluded from taking action in time to secure answers to cross-interrogatories propounded by him to a witness who had been examined before his intervention.

2. Intervenor—Practice.—An intervenor is not, on appeal, entitled to a reversal of a judgment in favor of an original party to the suit, which could not operate to his injury, when the party against whom the judgment was rendered had neither appealed nor assigned errors.

3. Description of land.—A bond described land as follows, viz.: "Two hundred acres of land, it being a part of the tract which I bought of Charles Vinzent, lying about one mile east of Mount Enterprise; said two hundred acres to be run off of the south end of said tract next to John Salmon's, and extending across said south end:" *Held,* That the bond was not on its face void for insufficient description, as the land might be identified by the aid of extrinsic evidence.

4. Practice.—A mere preponderance of evidence will not authorize the reversal of a judgment, when the testimony was detailed by witnesses who appeared and testified before the lower court.

Appeal from Rusk. Tried below before the Hon A. J. Booty.

The pleadings in this case are quite lengthy and complicated. The opinion states sufficient for a proper understanding of the case. An issue was made as to the mental and physical condition of Isaac Edmundson at the date of the title bond executed by him to A. S. Hayter. On this point a num-

ber of witnesses were examined, whose testimony was conflicting.

*Martin Casey*, for intervenor Stevens.

I. It is essential to the validity of a grant that there should be a thing granted, which must be so described as to be capable of being distinguished from other things of the like kind. (Murray *v.* Land, 27 Tex., 90; Blake *v.* Doherty, 5 Wheat., 359.)

II. When there is no evidence to sustain the judgment, or when the judgment is manifestly against the weight of evidence, or when improper evidence which might influence the jury was admitted, a new trial ought to be granted. (Gibson *v.* Hill, 23 Tex., 83.)

III. The assumed deed of one void of sufficient understanding to comprehend the terms of a contract at the date of that contract, is void. (1 Story's Eq. Jur., sec. 234.)

IV. A deed without consideration, or made with the mutual intent of the parties to hinder, delay, or defraud creditors, is void. (Paschal's Dig., art. 3576; Lewis *v.* Castleman, 27 Tex., 407; Briscoe *v.* Bronaugh, 1 Tex., 335; Venable *v.* Bank of U. S., 2 Pet., 120.) This proposition is referred to the deed from Mrs. Edmundson to her brothers, the Smiths.

There is no evidence that A. S. Hayter paid Edmundson the purchase-money, unless his schedule in bankruptcy and the recitals in Edmundson's title bond be evidence against third persons, nor is there any evidence that he took possession of the land.

V. A title bond does not constitute a title to land, either legal or equitable, until the purchase-money has been paid; (Browning *v.* Estes, 3 Tex., 474;) and recitals in the bond are not evidence against third persons. (Watkins *v.* Edwards, 23 Tex., 447.)

VI. All the judgments nominally obtained by Folger previously to the last one entered, December 27, 1870, were merged in that judgment; and a judgment is a lien on all the

lands of the defendant, but not on any particular ·portion. (Freem. on Judg., sec. 388; 2 Story's Eq. Jur., sec. 1216.) Stevens' judgment, entered February 8, 1870, it is claimed, has a prior lien to March's judgment of December 20, 1870.

VII. When a promissory note is paid by a surety, no action can afterwards be maintained on that note; the remedy is assumpsit for money paid, &c., and all the litigation carried on by March, in the name of Folger & Son, is without warrant of law and fraudulent. (Holliman *v.* Rogers, 6 Tex., 97.)

VIII. There is an error apparent on the record. The description of the land in the judgment is the same that is in Edmundson's title bond to Hayter, except that the judgment locates the land in Rusk county; and it is too indefinite to designate any land so that it may be found. · (Murray *v.* Land, 27 Tex., 90.)

*James H. Jones,* for appellees J. C. and S. R. Smith.

*Drury Field,* for appellee S. W. March.

GOULD, ASSOCIATE JUSTICE.—March brought his action of trespass to try title to seven hundred acres of land, against W. H. Rainbolt and J. C. and S. R. Smith. Stevens intervened, claiming the land as his, and seeking judgment therefor against both plaintiffs and defendants. F. H. Rainbolt *et al.* also intervened, claiming the land.

On the trial, it appeared that all parties claimed title under Isaac Edmundson.

March sought to show title to the whole tract as purchaser at execution sale under certain judgments against Edmundson, in favor of N. C. Folger & Son, rendered in 1866, and in 1868 against Nancy Edmundson, as executrix, but finally corrected in December, 1870, so as to be in favor of N. C. Folger alone.

March also sought to show title to two hundred acres of the tract under a title bond from Isaac Edmundson to A. S. Hay-

ter, dated October 25, 1867, connecting, through several conveyances, back to one by the assignee in bankruptcy of Hayter to Whitmore.

The defendants J. C. and S. R. Smith claimed under a conveyance of the entire tract from Nancy Edmundson, as executrix of the will of Isaac, with full power to manage the estate outside of court, of date February 1, 1870, reciting that it was made in consideration of an indebtedness of Isaac Edmundson to them for money loaned to pay for this identical land, which indebtedness was evidenced by the note of Isaac Edmundson for $2,117.50, of date September 1, 1860. Stevens claimed as purchaser of the entire tract at sheriff's sale, under a judgment against Nancy Edmundson, executrix, rendered February 8, 1870, the sale taking place April 5, 1870.

It does not appear what claim W. H. Rainbolt, the defendant, had; nor is it necessary to state the nature of the claim of the intervenors F. H. Rainbolt *et al.*

The case was tried without a jury, and resulted in a judgment for plaintiff March against all parties for the two hundred acres, the remaining five hundred acres being adjudged to the defendants J. C. and S. R. Smith.

The intervenors, recovering nothing, have appealed. The intervenors F. H. Rainbolt *et al.*, though giving bond and assigning errors, have failed to appear in this court by brief or otherwise. Their assignment of errors need not be considered; but we remark that it embraces no questions other than those made by intervenor Stevens.

The intervenor Stevens assigns as error the action of the court in admitting, over his objection, the depositions of Nancy Edmundson, taken before his intervention, and of course taken without notice to him. The conveyance by Mrs. Edmundson, as executrix, to J. C. and S. R. Smith, was attacked as fraudulent both by March and by Stevens. The purport of her depositions was, that her brothers, J. C. and S. R. Smith, had, at her request, in 1860, advanced to her husband Isaac the money to pay for this identical land, and that the conveyance

to them was made in satisfaction of that indebtedness. These depositions were undoubtedly admissible as between plaintiff and defendants, and we are of the opinion that the court committed no error in considering them on the same issue as between defendants and Stevens. The case is one not provided for by the statute. Less inconvenience would result from requiring the intervenor to accept the case as he finds it, charging him with notice of all previous orders made and papers filed in the case, including depositions, than from attempting to sustain such an objection, interposed only when the depositions were offered in evidence. If the intervenor desired to propound cross-interrogatories to the witness, he should have taken some action in that direction.

Even without these depositions, we should be unable to say that the court erred in upholding as valid the conveyance to the Smiths. The note evidencing the debt to the Smiths was produced, and the only circumstance casting suspicion on the conveyance was, that it was made a few days only before Stevens recovered his judgment. The right of Mrs. Edmundson to prefer one creditor to another is unquestioned, and the court, under the evidence, was justified in upholding her deed as an honest exercise of this right.

The judgment rendered by the court is evidently founded upon the validity and sufficiency of the conveyance by Mrs. Edmundson to the Smiths, except as to the two hundred acres sold by her husband by title bond to Hayter. The validity of that conveyance being established as against Stevens, it becomes unnecessary to inquire what would have been his rights as against March had that conveyance been held fraudulent, or whether the court committed any error in the admission in evidence of the title bond to Hayter, or in upholding the competency of Edmundson to contract at the time he made said bond. Stevens having no rights superior to the Smiths, has no right to claim a reversal of the judgment for errors which could operate no injury to him. The Smiths have not appealed from the judgment or assigned errors, and our opinion is,

that the intervenor Stevens, the only party who has prosecuted an appeal, having failed to show error in that part of the judgment giving the five hundred acres of land to the Smiths, we would be justified in declining to consider his other assignments of error. We have, however, considered those going to the insufficiency of the description of the land in the bond to Hayter, and in other links of the chain of title to the two hundred acres to March, and to the sufficiency of the evidence to support the finding that Edmundson, when he made the bond, was competent to contract.

The admission of that bond in evidence was objected to on the ground that it described no land. The description is as follows: "Two hundred acres of land, it being a part of the tract which I bought of Charles Vinzent, lying about one mile east of Mount Enterprise, said two hundred acres to be run off of the south end of said tract next to John Salmon's, and extending across said south end." This description cannot be pronounced so insufficient that the land cannot be identified by the aid of extrinsic evidence. The bond was not on its face void because describing no land, and was properly admitted in evidence. (Ragsdale *v.* Robinson, 48 Tex., 379; Kingston *v.* Pickins, 46 Tex., 99; Camley *v.* Stanfield, 10 Tex., 546; Wilson *v.* Smith, 50 Tex., 369.)

The schedule in bankruptcy of Hayter and the other conveyances constituting links in March's chain of title to the two hundred acres, refer to this bond, and, for the reason just given, were admissible in evidence.

But the bond was assailed on the ground that Edmundson, at the time he executed it, was incompetent to contract. On this point the evidence was conflicting. It may be that it appears to us that the preponderance of evidence was against the competency. The court below, however, having heard the witnesses testify, held otherwise, and we cannot say that it erred so manifestly as to justify us in disturbing the judgment for that reason.

There being no error in the judgment of which appellant Stevens can complain, it is affirmed.

AFFIRMED.