[No. 8,573.—Department One.]
October 12, 1882.

## AH GOON *v.* THE SUPERIOR COURT.

INTERVENTION—JURISDICTION—PROHIBITION.—After the case in the lower Court was called for trial, an application was made by one D. for leave to intervene; and upon leave granted, the complaint in intervention was filed, but not served upon either of the original parties. Thereupon the trial proceeded as to the original issues, resulting in a verdict in favor of the plaintiff against the defendant; and afterwards this application was made to restrain the Court from proceeding further with the intervention.

*Held*: The Court below acquired jurisdiction by the order permitting intervenor to become a party. When the complaint in intervention is filed (by leave of the Court), a trial before its service on the adverse party is premature, but an erroneous procedure in that regard does not affect the question of jurisdiction.

APPLICATION for writ of prohibition to the Superior Court of the City and County of San Francisco. LAWLER, J.

The facts were as stated in the opinion and in the syllabus.

*T. C. Van Ness,* for plaintiff, cited C. C. P., § 387; Louisiana Code Prac., §§ 389–394; Hittell's Gen. Laws, Arts. 5587–5590; *Hocker* v. *Kelley,* 14 Cal. 164; *N. Bloomfield G. M. Co.* v. *Keyser,* 58 Id. 315; *Quimbo Appo* v. *The People,* 20 N. Y. 531.

*William Matthews,* for defendant, cited *Wreden* v. *Superior Court,* 55 Cal. 504; *Camron* v. *Kenfield,* 57 id. 553; *Clark* v. *Crane,* id. 634; *Maurer* v. *Mitchell,* 53 id. 292; *Clark* v. *Minnis,* 50 id. 510; *Coburn* v. *Smart,* 53 id. 742.

The COURT:

Petitioner for the writ of prohibition claims that Section 387 of the Code of Civil Procedure confers a special and limited jurisdiction on the Superior Court, which can be exercised only in case the complaint in intervention is both filed and served " before the trial."

In the case before us the order permitting intervenor to become a party was made, and the written intervention *filed,* before the trial. But before service of the complaint of intervenor, plaintiff and defendant proceeded to try the issues between them, which was doubtless irregular unless the attempt to intervene was *void.*

Without admitting that the jurisdiction of the Superior Court with respect to the matter of intervention is, in the strict sense, statutory and limited, even if this much should be admitted, the Court below acquired jurisdiction by the order permitting the intervenor to become a party. A person may intervene before the trial. (C. C. P., 387.) An intervention " takes place *when* the order is made permitting such person to become a party." (Id.) The complaint in intervention is filed when "leave of the Court" is granted, which necessarily precedes its service.

Of course when the complaint in intervention is filed (by leave of the Court) a trial before its service on the party against whom the intervenor asserts an adverse claim is premature; but an erroneous procedure in that regard does not involve any question of jurisdiction.

Demurrer sustained.