[No. 12679.  Department Two. — March 1, 1889.]

IN THE MATTER OF THE ESTATE OF HANNAH M.
SACKETT, DECEASED.

EXECUTORS AND ADMINISTRATORS — POWERS OF SPECIAL ADMINISTRATOR —
PAYMENT OF CLAIMS. — A special administrator has no statutory power
conferred upon him to allow or pay claims against the estate. Under
section 1412 of the Code of Civil Procedure, the appointment of a special
administrator must be made by entry upon the minutes of the court
specifying the powers to be exercised by the administrator. If such
entry is not before the appellate court, a disallowance by the superior
court of a claim paid by the special administrator in the settlement of
his account will be affirmed.

APPEAL from an order of the Superior Court of the
city and county settling the account of the appellant as
special administrator.

The facts are stated in the opinion of the court.

*Daniel Titus*, for Appellant, cited section 1632 of the
Code of Civil Procedure.

*Selden S. & George T. Wright*, for Respondent, cited
section 1411 to 1417 of the Code of Civil Procedure.  The
estate was not solvent, and section 1632 of the Code of
Civil Procedure cannot apply.

SHARPSTEIN, J.— Appellant was appointed special ad-
ministrator of said estate, and as such filed his account
for settlement.  Exceptions were filed thereto.  The
court allowed certain of the exceptions, and disallowed
others.  The court found that he had received $1,275.10,
and that he should be credited with $848.25.  Appellant
claims that the court erred in disallowing a claim of four
hundred dollars, which he paid Scholle Brothers for rent
due them from deceased at the time of her death.  It
does not appear that this claim was ever presented to the
court or judge, or by the court or judge directed to be
paid.  Article 7 of chapter 3 of the Code of Civil Pro-

cedure provides for the appointment, and prescribes the powers and duties of special administrators, but does not authorize or require them to allow or pay claims against estates.   The appointment must be made by entry upon the minutes of the court, specifying the powers to be exercised by the administrator.   (Code Civ. Proc., sec. 1412.)   That entry is not now before us, and we are not able to determine what powers, beyond those specified in the code, were conferred on the appellant.   On the record before us, we are unable to discover that any error was committed by the court below, and the order must be affirmed.

Order affirmed.

THORNTON, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.