ZOE ROUSSAIN and others *vs.* JOHN F. PATTEN and others.

June 8, 1891.

**Action to Determine Adverse Claims—Right to Jury Trial.**—On the trial of this action, which was brought to determine adverse claims to real property, and to cancel and set aside, with the record thereof, certain deeds and mortgages relating to the same, the plaintiffs were not entitled, as a matter of strict right, to the verdict of a jury upon any question of fact.

**Immaterial Evidence Properly Rejected.**—An alleged error in the rulings of the court with respect to the admissibility of certain testimony considered and disposed of.

**Defence of Bona Fide Purchaser—Burden of Proof—Findings of Fact.**—Whether, as against an unrecorded deed of said property, held by the plaintiffs, the defendants were purchasers of the same in good faith and for a valuable consideration, was one of the principal issues between the parties upon the trial.   *Held*, (1) that the burden of proof was upon the defendants to show that they were such purchasers; and (2) that it was error for the court to order judgment against the plaintiffs without finding as a fact that the defendants were purchasers in good faith, and for a valuable consideration, or facts equivalent to such a finding.

Action brought in the district court for St. Louis county, to determine the adverse claims of the defendants to lands in that county. Plaintiff Zoe is the widow and the other plaintiffs are the children of one Francois Roussain, the original patentee, whose patents were duly recorded in the registry of deeds on July 19, 1863. On January 10, 1867, Roussain and wife executed to one Morrison a warranty deed, absolute in form, but really as security for a loan of money. This deed was recorded January 15, 1867. On April 15, 1872, the loan having been repaid, Morrison executed and delivered to Roussain a quitclaim deed, which, however, was not recorded until March 25, 1890. On January 26, 1887, one Johnson obtained from Morrison and wife a quitclaim deed of the land, and had it recorded on January 28, 1887. The other defendants are immediate or remote grantees of Johnson. At the trial, before *Stearns*, J., a principal issue was whether the Roussains were in possession at the time of the conveyance to Johnson and subsequently, and whether Johnson and his grantees had notice of their rights. There was evidence that part of the land was appropriated as a burial-place, and it was in question whether this was a family burying-ground of the Roussains. A witness for plaintiff being asked to give the inscriptions on the gravestones, and this being objected to, the plaintiffs offered to prove by the witness and other competent evidence the existence of various gravestones and the inscriptions on them, bearing various dates from 1847 to 1872. On defendants' objection that it was incompetent and immaterial the evidence offered was excluded, and the plaintiffs excepted. Judgment was ordered for defendants, and the plaintiffs appeal from an order refusing a new trial.

*H. S. Lord* and *M. B. Webber*, for appellants.

*White, Reynolds & Schmidt*, for respondents.

COLLINS, J. This was an appeal from an order denying plaintiffs' motion to set aside the findings made by the court, and for a new trial. As the order must be reversed for reasons hereinafter stated, it is proper, in view of another trial, to discuss very briefly appellants' first and second assignments of error.

1. The plaintiffs were not entitled, as a matter of strict right, to the verdict of a jury upon specific questions of fact. Waiving all in-

quiry as to the pertinency or materiality of the questions proposed by plaintiffs, it was within the sound discretion of the trial court to determine whether issues of fact should or should not be submitted to a jury.

2. The court did not err in its rulings in respect to the admissibility of the proposed testimony as to what inscriptions were to be found upon several of the tombstones in the graveyard on the tract of land in dispute.   Granting the law relative to entering upon, setting apart,. and asserting an exclusive right to a plat of land as a family burial-ground to be exactly as plaintiffs claim, it is obvious that, had the testimony embraced in the offer been received, it would have simply tended to make it the clearer that this plat was not a family burial-ground, and that the Roussains had never asserted an exclusive right. to it as such,—a fact already established by the plaintiffs' testimony. Between 50 and 75 bodies had been interred there, 11 being those of members of the plaintiffs' family.   According to the offer there appeared upon the monuments and tombstones the names of eight persons,—three being Roussains; four of another family, the Durfees;. and the eighth of still another family.   Such testimony would, if of any importance, indicate that this was a public, and not a family,. burial-ground.

3. It is undisputed that Morrison reconveyed the premises in controversy to Francis Roussain, Sr., in the year 1872, but the deed was. not placed upon record until March 25, 1890, a few days prior to the commencement of this action.   It was in Roussain's possession from the day of its delivery to him in 1872 until he died, 10 years thereafter; and from that time on until filed for record was in the keeping of some member of his family.   Meantime, in the year 1887, Morrison conveyed the property to defendant Johnson by quitclaim deed, and the latter sold and by warranty deed conveyed the same to defendants Newton and Patten.   These deeds were promptly recorded.   The later conveyances to defendants Dickerman, Mattison, and Emery were also made and placed upon record before March 25, 1890, and therefore anterior to the recording of the old deed from Morrison to the senior Roussain.   As this conveyance was not on record when Johnson obtained a quitclaim deed from Morrison, nor at

the time of the subsequent sales and conveyances, it is void as to such of these defendants as had purchased in good faith and for a valuable consideration, (Gen. St. 1878, *c.* 40, § 21,) and the burden of proof was upon the defendants to show that they were such purchasers. This was one of the principal issues upon the trial, and an affirmative finding on it was absolutely essential in order to warrant the conclusion of law in their favor and against the plaintiffs. There was no such finding, and none which could be treated as an equivalent, and a new trial must be had.

Order reversed.

NOTE. A motion for a reargument of this case was denied June 16, 1891.