[S. F. No. 5021.   Department Two.—March 18, 1910.]

LOUISE R. McNEIL, Respondent, v. F. E. MORGAN,
Special Administrator of the Estate of James McNeil,
Deceased, (substituted instead of Frank McLaughlin,
Administrator), Respondent. JAMES McNEIL, Inter-
vener, Appellant.

Action to Quiet Title—Adverse Claim—Sufficiency of Complaint.—
A complaint in an action to quiet title which alleges that plaintiff
is "the owner and in possession" of the land, and that defendant
"claims some right, title or interest in the premises . . . but neither
in law or in equity has he any claim, right, title or interest therein
or thereto or in or to any part thereof," is sufficient; though it does
not aver in terms the adverse nature of the claim respecting which
plaintiff seeks to have his title quieted under section 738 of the Code
of Civil Procedure. If one is the owner and in possession of land,
and another asserts a claim to the same property, which is founded

neither in law nor in equity, the asserted claim is necessarily adverse to that of the owner or possessor of the land.

Id.—Intervention—Record of Action—Right to Jury Trial—Adverse Claim—Counterclaim in Ejectment.—While, as a general rule, an intervener is bound by the record of the original action, yet if his claim is one upon which he could sue at law, he would not be bound by a waiver of jury trial between the original parties; but where the original action is one in equity, in the nature of a former bill of peace to quiet the title of one who is the alleged owner of the property, who has been long in the possession thereof, and there is no question of a recent ouster of the defendant or of the intervener, neither of them can, by setting up an adverse claim of ownership, by way of a counterclaim in ejectment, demand a jury trial thereof.

Id.—Right to Jury Trial in Action to Quiet Title—Decision Depending upon Facts.—The decision of the question whether in an action to quiet title under section 738 of the Code of Civil Procedure, either party is entitled to a jury trial must depend greatly upon the facts of the particular case. Where the suit is in the nature of an action of ejectment, the plaintiff cannot, by adopting an equitable form of action, deprive the defendant in possession of the right to a jury trial; nor is such right defeated where the defendant has been long in possession, and plaintiff has ousted him.

Id.—Estates of Deceased Persons—Jurisdiction—Appointment of Special in Lieu of Regular Administrator.—Power. — The superior court having jurisdiction over the estate of a deceased person has power to appoint a special administrator in lieu of a regular administrator, upon suggestion of the disability of the latter, and to empower the special administrator to maintain and defend suits.

Id.—Mode of Appointment—Order Duly Signed—Minute Entry Not Mandatory—Neglect of Ministerial Duty.—The appointment of the special administrator was complete when the order making it was duly signed, with his powers enumerated therein. The minute entry directed therein to be entered, was not mandatory; but the failure of the clerk to comply with such order was a mere neglect of a ministerial duty.

Id.—Authority of Trial Court to Make Substitution.—It was within the scope of the authority of the trial court to substitute the special administrator for the general administrator as a party defendant.

Id.—General Power to Bring Actions to Quiet Title against Administrators.—The general language of section 1582 of the Code of Civil Procedure providing that actions to quiet title may be maintained against administrators, obviously includes special as well as general administrators.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, Theo. J. Roche, and Cassin & Lucas, for Appellant

D. M. Delmas, Wm. T. Jeter, and Henry C. McPike, for Louise R. McNeil, Respondent.

Benjamin K. Knight, for Special Administrator, Respondent.

MELVIN, J.—This is an appeal by James McNeil, intervener, from a judgment in favor of the plaintiff, Louise R. McNeil, and from an order denying the motion of said intervener for a new trial.

Plaintiff, Louise R. McNeil, brought suit against Frank McLaughlin as administrator of the estate of James McNeil, deceased, seeking a judgment against the estate of said deceased quieting her asserted title to certain real property in the city of Santa Cruz. On the day after it was filed the defendant answered and pursuant to a stipulation of the parties the cause was transferred to the county of Santa Clara and to a department of the superior court in which the Hon. A. L. Rhodes presided. Both parties to the action also by stipulation in writing waived a trial by jury.

After the cause was set for trial in Santa Clara County Margaret McNeil and James McNeil, who alleged that they were respectively the surviving wife and son of the deceased filed their complaint in intervention. In the first cause of action pleaded it was alleged that the land in suit was community property of Margaret McNeil and the deceased; that after the death of James NcNeil the plaintiff took possession of the said property claiming to be the owner thereof and that she was still holding it adversely to the estate and the heirs of James McNeil, deceased. The second cause of action was based upon the theory that James McNeil, deceased, and Margaret McNeil had been tenants in common, each owning an undivided one-half interest in the land. The interveners prayed judgment that the plaintiff had no interest in the real property; that the respective interests of the various claimants be ascertained and that the said interveners should recover possession of the land.

The plaintiff and Frank McLaughlin, as administrator, answered denying all of the essential allegations of the complaint in intervention except that James McNeil was an heir of James. McNeil, deceased. After the cause was at issue the interveners demanded a trial by jury upon all matters of fact involved but their request was denied by the court. Thereafter Margaret McNeil dismissed her complaint in intervention. This left James McNeil, appellant here, the only intervener.

At the trial it appeared that an appeal had been taken from the order appointing Frank McLaughlin administrator of the estate. The court, therefore, substituted F. E. Morgan, special administrator, as defendant in the action in the place and stead of said McLaughlin. The special administrator was permitted to file an answer to the complaint. None. was filed by him, however, to the complaint in intervention. After the trial and this appeal the special administrator accounted and was discharged. F. G. Hoffman was appointed administrator of the estate of James McNeil, deceased, and the said Hoffman, as administrator, has been substituted as a party in the place and stead of the said Morgan, special administrator.

Appellant questions the sufficiency of the complaint on the ground that it does not in terms proclaim the adverse nature of the claim respecting which plaintiff seeks to have his title quieted. Section 738 of the Code of Civil Procedure authorizes an action to quiet title to real property adverse to that of the person seeking the remedy and appellant contends that such an action is not available against one whose interest in or claim to the land involved in the action is not opposed to that of plaintiff but "consistent with and subordinate to plaintiff's assertion of title." It is not necessary to decide this precise question because the complaint in substance does seek repose of title against adverse claimants. The complaint alleges that plaintiff is "the owner and in possession" of the land, and further that defendant "claims some right, title or interest in the premises . . . but neither in law nor in equity has he any claim, right, title or interest therein or thereto or in or to any part thereof." It seems to us that if one is the owner and in the possession of property and another asserts a claim to that property which is founded neither in law nor in equity the asserted claim is necessarily adverse to that of the owner or possessor of the land.

Respondent seeks to justify the refusal of the lower court
to accede to the intervener's demand for a jury upon two
grounds,—1. That he "is bound by the record of the case at the
time of intervention" and was therefore subject to the terms of
the stipulation of the original parties to the action in which a
jury trial was expressly waived; 2. That an action to quiet
title to land, instituted by a plaintiff in possession remains in
equity and cannot be removed to the domain of law where trial
by jury may be demanded as of right, by the mere averment of
an intervener that he is the owner entitled to the possession of
the property. It is true, generally speaking, that one who in-
tervenes in an action is bound by the record of the action at
the time of intervention. For example, it has been held that
such a party is bound by depositions taken prior to his inter-
vention (*Rainbolt* v. *March,* 52 Tex. 246), but the right of trial
by jury being a very important privilege preserved by our
constitution we would be loath to extend the rule in such
manner as to deprive an intervener of a trial upon matters
of fact by a jury where he would enjoy the right to such
manner of trial in an action commenced by him originally.
"An intervention merely adds new parties for the purpose of
determining all conflicting claims to the matter in controversy
and does not affect the nature of the action so that plaintiff in
an action at law is not deprived of his right to a jury trial by
an intervention praying for equitable relief." (Citing *Reay* v.
*Buller,* (Cal.) 7 Pac. 669.) "While on the other hand if the
case is properly triable by jury a jury may be demanded by
the intervener, although it has not been demanded by either of
the original parties." (Citing *Lacroix* v. *Menard,* 3 Mart. N.
S. (La.) 339, [15 Am. Dec. 161] ; 24 Cyc. 114.) It is not neces-
sary for us to decide this interesting question, however, be-
cause the court was justified in refusing a jury trial upon the
second ground stated by respondent,—namely, because the
intervener was not entitled to a jury trial as matter of right
even if there had been no stipulation of the other parties waiv-
ing a jury. In *Angus* v. *Craven,* 132 Cal. 696, [64 Pac. 1091],
in discussing section 738 of the Code of Civil Procedure, the
following language was employed:

"The purpose of the section is evidently to afford a remedy
similar in character to that of the old bill of peace, but extend-
ing it to cases which the latter remedy did not reach. (See

*Curtis* v. *Sutter,* 15 Cal. 259.) Courts, however, in guarding the constitutional rights to a jury trial, have repeatedly held that where the suit should have been, and in substance is, an action for the recovery of the possession of land, the right of a defendant to a jury cannot be defeated by the mere device of bringing the action in an equitable form. And so it has been held that the right to a jury is not defeated, where, at the commencement of the action, the defendant, and not the plaintiff, was in the actual possession of the premises involved; and it has also been held that where the defendant had been for a long time in the actual possession, and the plaintiff had ousted him, the plaintiff, by first bringing his action to quiet title, could not, by such inversion of parties, avoid the defendant's right to a jury, but that the action should be treated as substantially an action to recover possession. But this is as far as this court has gone in *Donahue* v. *Meister,* 88 Cal. 121, [22 Am. St. Rep. 283, 25 Pac. 1096]; *Newman* v. *Duane,* 89 Cal. 597, [27 Pac. 66]; *Gillespie* v. *Gouly,* 120 Cal. 515, [52 Pac. 816]; *Moore* v. *Copp,* 119 Cal. 434, [51 Pac. 630]; and kindred cases. As was substantially said in *Donahue* v. *Meister,* *supra,* the decision of the question whether, in an action brought under section 738, either party is entitled to a jury must depend greatly upon the facts in that particular case. It has never been held by this court that an action to quiet title under the code cannot be maintained as an equitable action, where the plaintiff was, and for a considerable period of time had been, in actual possession, and defendant had never been in possession, or that in such case a defendant can overthrow the equitable character of the action by simply answering that he has title, and praying that he, for the first time, be let into possession. A complaint showing that plaintiff is the owner of the land, and in actual possession of it, and that defendant asserts some right or title thereto which is unfounded, followed by an answer admitting plaintiff's possession, and not showing a prior possession in defendant, seems to present the very action contemplated by the code provision; and, under these conditions, its continued equitable character is not affected by the particular kind of right which the defendant sets up."

Intervening in a case in which the possession of the property had been alleged by the original plaintiff who also asserted ex-

clusive ownership, James McNeil is in exactly the position of
an original defendant out of possession who asserts title and
the right of possession as against the person in actual posses-
sion. As such a defendant he would not have a right to a trial
of the matters of fact by jury unless he had been recently dis-
possessed by the nominal plaintiff. In such a case he would be
treated as really a plaintiff in possession entitled to demand a
trial by jury of the issues of fact involved. (*Donahue* v.
*Meister*, 88 Cal. 121, [22 Am. St. Rep. 283, 25 Pac. 1096].)
The rule announced in *Angus* v. *Craven*, 132 Cal. 696, [64
Pac. 1091], has been followed in *Johnson* v. *Peterson*, 90 Minn.
503, [97 N. W. 384], where the court, speaking through Mr.
Justice Collins, said: "This action was brought to determine
an adverse claim made by defendant to eighty acres of land in
Chicago County, in the possession of plaintiff. By an amend-
ment to the original complaint, the latter's right to the land
and the extent of her possession were set forth in detail, but
the nature of the action was not thereby changed. It was still
an action to determine an adverse claim. In his answer the
defendant denied the alleged ownership of the plaintiff; ad-
mitted, however, that she was in possession; and then alleged
that this possession was wrongful, unlawful, and without any
right. Defendant further alleged that he was the owner in
fee simple, setting out that his title was derived from the
United States government through certain conveyances. He
demanded that he be declared the owner in fee simple, and
entitled to possession. In her reply, plaintiff alleged title by
adverse possession, under the statute. When the case came on
for trial, defendant moved that a jury be impaneled to try
the issues. . The motion was denied, and the case was thereupon
tried by the court without a jury. . . .

"1. The character of this action has been heretofore stated.
It was brought to determine an adverse claim to real property;
the plaintiff being in possession, and the answer setting up a
counterclaim in ejectment. Except as otherwise provided by
statute, all the ordinary rules governing suits in equity to quiet
title apply to this action, and it was triable by the court and
not by a jury. (*Roussain* v. *Patten*, 46 Minn. 308, [48 N. W.
1122].) See, also, *Larkin* v. *Wilson*, 28 Kan. 513; *Angus* v.
*Craven*, 132 Cal. 691, [64 Pac. 1091], in which the same rule
is announced. Under the complaint the case was for trial by

the court without a jury, and the fact that the answer con-tained a counterclaim in the nature of ejectment did not change the procedure."

The rule announced above has long been established in California and, we are convinced, it was properly applied in this case by the learned judge of the superior court who refused the intervener's demand for a jury.

Appellant objects to the substitution of the special for the general administrator. He insists that there was no warrant in law or in fact for such substitution. We cannot agree with this contention. The special administrator was appointed by an order duly signed by the judge of the court in which the probate proceeding was pending. In his petition for appointment as special administrator the defendant Morgan asked that he be given power, among other things, to "commence or maintain suits." The order recited that the court on reading his petition appointed him special administrator "with the powers of said estate enumerated," and directed that a minute order "to that effect" be entered "specifying the powers to be exercised by said special administrator." Objection was made to the introduction in evidence of this order upon the ground that it did not appear that a minute order had been entered in accordance with the court's direction. We do not think that the entry of such an order is "mandatory" as appellant contends, under the provisions of section 1412 of the Code of Civil Procedure. *Estate of Sackett*, 78 Cal. 300, [20 Pac. 863], cited in that behalf does not sustain that view, for it was there merely held that the order appointing the special administrator not being before this court it could not be determined whether any error was committed by the court below in disallowing a certain item in the special administrator's account. The appointment of Morgan was complete when the order was signed and the failure of the clerk to enter it upon the minutes was a mere neglect of a ministerial duty. It was entirely within the power of the probate court to appoint a special administrator with authority to commence and maintain or defend suits and other legal proceedings (Code Civ. Proc., sec. 1415), and it was also within the scope of the authority of the court to try this case and make the order substituting the special for the general administrator as a party (Code Civ. Proc., sec. 385). The language of section 1582 of the Code of Civil Procedure is gen-

-eral, providing that actions to quiet title may be maintained against administrators. Obviously, special as well as general administrators are included within this term. If this section were held to apply only to general administrators, as distin- guished from those specially appointed, it would be necessary to postpone the trial of the action to quiet title until after the determination of the appeal from the order appointing the administrator. Such a rule would be obviously unjust. The substitution of the special for the general administrator was properly ordered by the court on the suggestion of the general administrator's disability.

It follows that the judgment and order should be affirmed and it is so ordered.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a rehearing.