[S. F. No. 14787. In Bank.—June 21, 1933.]

BELT CASUALTY COMPANY (a Corporation), Appellant, v. WILLIAM FURMAN, Defendant and Respondent; GERTIE MILLER et al., Interveners and Respondents.

Lasher B. Gallagher and Edward D. Keil for Appellant.

Everett B. Taylor for Respondent.

James F. Brennan, George F. Buck, Jr., and Gumpert & Mazzera for Interveners and Respondents.

SHENK, J.—This is an appeal by the plaintiff from judgments in favor of the defendant, William Furman, and the interveners in an action to rescind a policy of automobile indemnity insurance.

The policy was issued by the plaintiff to the defendant Furman in February, 1930. Under the contract the plain-

tiff agreed to indemnify the defendant against liability for bodily injuries resulting from the defendant's operation of a certain De Soto automobile. In July, 1930, the defendant, while driving the automobile in San Francisco, collided with a street-car. As a result of the collision two passengers in his automobile, Sadie Narins and Gertie Miller, suffered bodily injuries. They filed suits against Furman and on November 29, 1930, recovered judgments in the sums of $5,000 and $2,842.50, respectively. Those judgments have become final. On December 22, 1930, the present action was commenced by the insurance company against its assured, Furman, to rescind and cancel the contract of insurance by reason of the alleged breach by the defendant of a clause in the policy providing that the assured, when requested by the company, shall render all co-operation and assistance in his power in respect to any claim made or suit brought on account of bodily injuries resulting to persons by reason of the operation of said automobile.

On February 7, 1931, by leave of court, Sadie Narins and Gertie Miller filed complaints in intervention based on the judgments recovered by them and for affirmative relief against the plaintiff for the amounts thereof, with interest. Judgment was entered against the plaintiff Belt Casualty Company, on its complaint for rescission. Judgments were also rendered in favor of the interveners and against the company for the amounts of the judgments recovered by the former in their actions against the defendant Furman.

On its appeal from those judgments the Belt Casualty Company makes two major contentions.

The plaintiff does not contend that the interveners have not sufficient interest in the action or in the success of the defendant therein to give them the right to intervene. But, if we understand it correctly, its claim is that the interveners may not be permitted to join in an action in equity for rescission on the claims asserted by them inasmuch as their complaints set up distinct causes of action which sound in contract and which seek affirmative relief that could be recovered in actions at law; that thereby the scope of the equitable action is enlarged contrary to the meaning and intent of section 387 of the Code of Civil Procedure. If such a general statement be declared as a correct proposition of law, the result would appear to be a

denial of the benefit of said section to those directly inter- ested in the subject matter of the action, but who, though they be permitted to intervene in the action by virtue of their direct interest, nevertheless would be compelled to file separate suits to recover the affirmative relief to which they immediately would become entitled in the event the contentions with which they are aligned in the main action are finally sustained. The interveners here have an interest which is adverse or hostile to both parties in the sense that each intervener has a cause of action against the defendant Furman, as to whom she has already established herself as a creditor, and a cause of action growing out of the same transaction against the insurance company on its contract of insurance, depending on the outcome of the present action. The fact that the established pecuniary interests of the interveners against both parties to the action are so directly affected by the result, is the basis upon which the interveners were permitted to join in the action. The granting of affirmative relief to the interveners is but incidental to the main purpose of the section of the Code of Civil Procedure, which is to obviate delay and multiplicity of actions by creating an opportunity to those directly interested in the subject matter to join in an action already instituted. It has been stated that an intervener may be accorded affirmative relief which he could properly seek by way of cross-complaint were he one of the original parties to the action. (*Boskowitz* v. *Thompson*, 144 Cal. 724, 729 [78 Pac. 290]; see, also, 20 Cal. Jur., p. 526.) We are not referred to any theory of law or equity which would deny to the interveners the particular relief sought. Nor has the plaintiff shown that the issues of the complaints in intervention were not conveniently tried in the present action. The right to affirmative relief is not interfered with merely by reason of the fact that a separate action may have been maintained. (*Bogue* v. *Roeth*, 98 Cal. App. 257, 263 [276 Pac. 1071]; *Tubbs* v. *Delillo*, 19 Cal. App. 612, 620 [127 Pac. 514].) As illustrated especially by the latter case, no good reason is shown here why the claims of the interveners against the plaintiffs, based on the judgments which have established them as creditors of the defendant, should not be presented through the agency of a complaint in intervention in an action by the plaintiff against the defend-

ant wherein the very existence of the interveners' rights against the plaintiff is at stake. The fact that the action brought by the plaintiff sounds in equity and that the interveners seek a money judgment does not form a foundation upon which to base the contention that thereby the scope or function of the action has necessarily been enlarged. (See 1 Pomeroy, Equity Jur., sec. 242.) The case chiefly relied upon by the plaintiff (*McNeil* v. *Morgan*, 157 Cal. 373 [108 Pac. 69]), was given credit in *Wright* v. *Jordan*, 192 Cal. 704, 714 [221 Pac. 915], for the broad proposition that while interveners were permitted to join in the action for the purpose of sustaining or opposing the respective contentions of the parties, they would not be permitted to enlarge the scope or function of the special proceeding. In the McNeil case the plaintiff brought an action to quiet title. All that was decided in that case bearing on the general proposition commented upon in *Wright* v. *Jordan, supra,* was that it was questionable whether an intervener may be permitted to interject issues in an action to quiet title wherein both parties had waived a jury and by which the parties would have a jury trial forced upon them; but inasmuch as it appeared that the intervener was not entitled to a jury as a matter of right, the question was expressly not decided. (*McNeil* v. *Morgan, supra,* at p. 377.) No similar question is raised in the present case. The question in each of the other cases relied upon by the plaintiff turned on the interest of the proposed interveners, and the order denying them the right to join in the action was upheld on the ground that their interest was not sufficient. Such cases are not in point on the question presented here.

The plaintiff's second contention has no merit in view of the state of the pleadings, stipulations on the trial, and the findings of the trial court. The contention is that the interveners are not entitled to base their causes of action on Statutes of 1919, page 776, providing in effect for an action directly against the insurance company without the necessity of first showing that an execution against the insured was returned unsatisfied (*Malmgren* v. *Southwestern A. Ins. Co.,* 201 Cal. 29 [255 Pac. 512]), unless it is shown by their complaints that the policy of insurance sued on was issued or delivered to the insured in this state. The allegation of the plaintiff's complaint that it was doing

an insurance business in the state of California was not denied. It was expressly stipulated by counsel for the insurance company on the trial that the policy of insurance was executed and delivered to the defendant in this state; and the court found that the policy was issued and delivered to the defendant in San Francisco. No further notice, therefore, need be given to this contention.

The judgment is affirmed.

Seawell, J., Waste, C. J., Langdon, J., Thompson, J., Curtis, J., and Preston, J., concurred.