[Civ. No. 31747. First Dist., Div. One. Jan. 31, 1973.]

HOSPITAL COUNCIL OF NORTHERN CALIFORNIA et al.,
Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
SHARON J. ENGLISH et al., Real Parties in Interest.

**COUNSEL**

Hanson, Bridgett, Marcus & Jenkins, William J. Bush, Alan Lee Zimmerman and Musick, Peeler & Garrett for Petitioners.

No appearance for Respondent.

Russell Bruno for Real Parties in Interest.

**OPINION**

**MOLINARI, P. J.**—An alternative writ of prohibition was issued by this court upon a petition seeking to restrain respondent court from taking any further action in connection with the proceedings now pending before the Honorable Robert H. Kroninger and to compel respondent to assign said proceedings and all further matters connected therewith to a different judge. The issue is whether the denial of petitioners' motion to disqualify Judge Kroninger was proper.

On November 2, 1971, Sharon English and Marilyn Kizziah, the real parties in interest, on behalf of themselves and other taxpayers similarly situated, filed a petition for writ of mandate against the County of Alameda and numerous other counties, the assessors of each named county, the State Board of Equalization and certain named individuals as the alleged owners of possessory interests in privately owned real property located in Alameda County. Said petition sought to compel the named tax assessors to recover all tax revenues not imposed on the alleged possessory interests by reason of the failure to assess such interests. Petitioners were not named as parties in said proceedings.

On December 14, 1971, the presiding judge set the said petition for

writ of mandate for trial on March 29, 1972,[1] in department 1 of respondent court, and on January 28 the action was assigned by an ex parte order to department 20 *"for all further proceedings"* at the request of the County Counsel of Alameda County appearing on behalf of said county. The judge then sitting in department 20 was Judge Kroninger.

Subsequently, by letter dated January 31, the county counsel wrote to the Honorable Robert L. Bostick, the presiding judge, in pertinent part, as follows: "This will confirm our conversation of Friday, January 28, 1972 during which you ordered that the above matter be assigned to the Honorable Robert H. Kroninger, Judge, for all future [*sic*] proceedings including trial. [¶] In accordance with your instructions, we have conveyed your message to Judge Kroninger and have notified the Clerk in Department One so that an appropriate entry may be made in the minutes. [¶] Notice of the order is being given by a copy of this letter to the following counsel: . . ." A copy of said letter was sent to counsel for petitioners who thereafter, on February 14, were granted leave to appear in the proceedings as amici curiae.

On February 18, the defendants in the mandamus proceedings filed motions for a judgment on the pleadings. These motions came on for hearing on March 1 when they were continued to March 15 with leave to the parties to file briefs prior to March 6. Counsel for petitioners was present at this hearing. At the March 1 hearing the motion of one of the defendants for further answers to interrogatories was granted, and the motion of real parties for the taking of the deposition of one Patricia A. Brauel on March 7 was granted.

The motions for judgment on the pleadings were supported by a memorandum of points and authorities filed by petitioners. When the motions came on for hearing on March 15 counsel for petitioners participated in the argument. The motions were taken under submission, and an order was made that all discovery be completed 10 days before trial. A motion for production of evidence and a motion for answers to interrogatories was ordered continued to March 20 for hearing. On March 16 Judge Kroninger denied the motions for judgment on the pleadings.

On March 20, when the motion for the production of evidence and for answers to interrogatories came on for hearing, arguments were presented and the matter was continued to April 14.[2] At this hearing only counsel

---

[1]All dates hereafter have reference to the year 1972.

[2]The minutes of the court state as follows: "Court orders action continued to Apr. 14, 1972 at 10 a.m. for further hearing."

for real parties and the county counsel were present. Thereafter, on March 29, the court, on its own motion, continued the hearing of the petition for writ of mandate to May 3.[3] Real parties assert that at this time all counsel agreed that a full scale evidentiary hearing would probably be unnecessary because the case would be submitted on an agreed statement of facts and motions by each side for summary judgment.

In the interim, on April 14, the motion of real parties for answers to interrogatories came on for hearing and, pursuant to stipulation, was continued to April 28. At said hearing on April 14 real parties made a motion to have the propriety of the purported class action determined and respective counsel presented arguments. Judge Kroninger determined that a class action was properly before the court. Counsel for petitioners was present at said hearing. Pursuant to stipulation he was permitted to make an oral motion that petitioners be permitted to come into the case as interveners. The motion was granted.

On May 3, the court made an order continuing the action to May 24 "for submission of agreed statements of fact and motion for summary judgment." At that time counsel for real parties made a progress report regarding the agreed statement of facts. Counsel for petitioners was present at this hearing.[4]

The minutes of the court on May 24 indicate that both the trial and real parties' motion for interrogatories came on for hearing on that day and that pursuant to the stipulation of respective counsel, including counsel for petitioners, "all pending matters" were continued to June 7.

On June 5, petitioners indicated that they had reconsidered and would refuse to continue with any effort to file an agreed statement of facts. A petition in intervention was filed on June 7 and, concurrently therewith, petitioners filed a motion to disqualify Judge Kroninger pursuant to Code

---

[3]The minutes of the court read as follows: "Nature of Proceedings: Petition for Writ of Mandate. Action No. 418035. The above entitled action, having been regularly assigned to this department, comes on for hearing this day. On the Court's own motion, good cause appearing therefor, Court orders action continued to May 3, 1972 at 10 a.m. for further hearing."

Although not disclosed by the court's minutes, it appears from the record that this change of trial date had been determined on or about February 7 since counsel for real parties gave notice to all parties then of record on or about said date that the trial had been continued from March 29 to May 3 before Judge Kroninger in department 20.

[4]At this hearing, pursuant to stipulation, real parties' motion for answers to interrogatories was continued to May 17. The minutes of the court indicate that this motion was apparently thereafter continued to May 24.

of Civil Procedure section 170.6.[5] The disqualification motion came on for hearing before Judge Bostick on June 22 and was denied on the same day. Judge Bostick then ordered the action transferred to Judge Kroninger for further proceedings.

Petitioners allege that the denial of the motion pursuant to section 170.6 was "unreasonable, arbitrary and erroneous" in that the statute gives a party or his attorney an absolute right to disqualify a judge if the motion to disqualify is timely made prior to any hearing on a contested issue of fact relating to the merits and is based on a proper declaration. Petitioners assert further that they did not become parties to the proceeding until they filed their petition in intervention on June 7 and that, therefore, they were entitled to make a motion to disqualify when they became parties and were not bound by any of the proceedings which took place prior to their becoming parties thereto.

■ Initially, we observe that an intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene. (§ 387; *Drinkhouse* v. *Van Ness,* 202 Cal. 359, 371 [260 P. 869]; *Ah Goon* v. *Superior Court,* 61 Cal. 555, 556; *Rodehaver* v. *Mankel,* 16 Cal.App.2d 597, 601 [61 P.2d 61]; *Corridan* v. *Rose,* 137 Cal.App.2d 524, 528 [290 P.2d 939]; but see *Miller* v. *Richards,* 83 Cal. 563, 564 [23 P. 936].) As noted in *Corridan,* the order granting leave to intervene determines implicitly that the intervener has an interest in the matter in litigation. (At p. 528.) Accordingly, the court's jurisdiction attaches at the time the order is made (*Ah Goon* v. *Superior Court, supra*), and the intervener is bound by the record of the action at that time. (*McNeil* v. *Morgan,* 157 Cal. 373, 377 [108 P. 69]; *Allen* v. *California Water & Tel. Co.,* 31 Cal.2d 104, 109 [187 P.2d 393].) In view of these principles petitioners became parties to the instant proceeding on April 14.

■ As a general rule an intervener takes a suit as he finds it (*Mathews* v. *Savings Union B. & T. Co.,* 43 Cal.App. 45, 51 [184 P. 418]; *McNeil* v. *Morgan, supra,* 157 Cal. 373, 377), and he cannot avail himself of irregularities the original parties have expressly or impliedly waived. (*Maguire* v. *Cunningham,* 64 Cal.App. 536, 541 [222 P. 838].) This rule has for its basis the concept that intervention must not retard the principal suit, nor delay the trial of the action, nor change the position of the parties. (*Hibernia etc. Society* v. *Churchill,* 128 Cal. 633, 636 [61 P. 278];

---

[5]Unless otherwise indicated, all statutory references hereinafter made are to the Code of Civil Procedure.

*Mathews* v. *Savings Union B. & T. Co., supra.*)[6] Our immediate inquiry, therefore, is whether petitioners upon becoming parties to the instant proceeding were prevented from disqualifying Judge Kroninger under section 170.6.

Section 170.6, subdivision (2), in pertinent part, provides that "Where the judge assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion [to disqualify the judge] shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the case is assigned for trial. . . . The fact that a judge . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion . . . ."

We proceed, first, to decide whether petitioners' motion was made before the determination of any contested fact issues relating to the merits. The real parties contend that when Judge Kroninger reviewed defendants' motions for judgment on the pleadings he determined questions of fact and that petitioners are bound by this determination because they filed a memorandum as amici curiae in support of the motions and joined in the contention of defendants that Judge Kroninger should decide the "basic questions" presented by the mandamus petition. As to this contention, we observe that petitioners would be bound by the determination, not because they participated as amici curiae in the proceedings but, because when they became parties by virtue of the order authorizing them to intervene they would be bound by the record of the action at that time.

■ We observe, however, that when Judge Kroninger determined the motions for judgment on the pleadings he did not determine any contested fact issues relating to the merits. He determined various elements of fact in order to ascertain the legal sufficiency of the pleadings and the legal determination whether a class action was appropriate in the instant case. In making such determination he did not decide the action on its merits. ■ A motion for judgment on the pleadings is in the nature of a general

---

[6]This rule has exceptions. Thus, an intervener may object to the jurisdiction of the court or that the complaint does not state a cause of action. (*Maguire* v. *Cunningham, supra,* 64 Cal.App. 536, 540-541.) The general rule apparently does not extend so far as to deprive an intervener of his right to a jury trial (*McNeil* v. *Morgan, supra,* 157 Cal. 373, 377; *City of San Diego* v. *Andrews,* 195 Cal. 111, 118 [231 P. 726]), nor does it require an intervener to try his case before a disqualified judge. (*City of San Diego* v. *Andrews, supra.*)

demurrer and the issues raised by it are legal and not factual (§ 589; *County of San Mateo* v. *Bartole*, 184 Cal.App.2d 422, 435 [7 Cal.Rptr. 569]; *Silver* v. *Beverly Hills Nat. Bank*, 253 Cal.App.2d 1000, 1005 [61 Cal.Rptr. 751]), and as such admits the material facts alleged in the pleadings of the adverse party. (*Silver* v. *Beverly Hills Nat. Bank, supra; Glenn* v. *Clearman's Golden Cock Inn*, 192 Cal.App.2d 793, 794 [13 Cal.Rptr. 769].)

Since Judge Kroninger did not determine any contested fact issues relating to the merits, petitioners' motion to disqualify him was timely in that regard. Our next inquiry, therefore, is to determine whether the motion to disqualify Judge Kroninger was made pursuant to the time limitations provided for in section 170.6. We first observe that on December 14, 1971, the case was originally set for trial on March 29 by the judge supervising the master calendar, and that on January 28 it was specifically assigned by an ex parte order to Judge Kroninger. Whatever may have been the obligations of the parties to the action at that time with respect to a motion to disqualify pursuant to section 170.6, it is clear that petitioners could not have made the motion before the judge supervising the master calendar at the time the cause was assigned for trial, since they were not parties to the action at that time. ▇ Under the circumstances the pertinent provisions of section 170.6 are those which provide that the motion shall be made at least five days before the date set "for trial or hearing" where the judge assigned to or who is scheduled to try the cause is known at least 10 days before the date set for trial or hearing.

We observe initially that there is a basis in the record for believing that when petitioners entered the case as amici curiae on February 14 they were aware that the cause had been set for trial on March 29. In any event, it is clear that they knew that the cause had been assigned to Judge Kroninger for all proceedings, including trial, since they had been so advised by the county counsel in his letter of January 28.

In *People* v. *Kennedy*, 256 Cal.App.2d 755, 762-763 [64 Cal.Rptr. 345], it was held that where the identity of a judge who is to try a case is known 10 days or more before the trial date, such judge, if he is not properly challenged before the original trial date, may not thereafter be challenged if the original trial date is continued to another date. To hold otherwise would permit a successful challenge at any time five days prior to any date to which the original trial is continued by as much as ten days, or if continued for less than five days would permit a challenge at any time prior to the commencement of the trial. (*People* v. *Kennedy, supra.*) It is particularly noted in *Kennedy* that while section 170.6 should be

literally construed, it should not be construed so as to frustrate the objective that the challenge should be presented before the date of trial to the end that judicial time and manpower should not be wasted. (At p. 763.)

It should be observed here that the original trial date was continued from time to time in order to permit the parties to complete discovery and in order to give them time to arrive at a contemplated agreed statement of facts which would permit the disposition of the case under the summary judgment procedure.

We subscribe to the rationale of the *Kennedy* case but conclude that the principle it articulates must yield to the exigencies of the instant case. Petitioners were not parties when the original trial date of March 29 was set but became parties when they were permitted to intervene on April 14. This intervention occurred in the interim of the continuance of the trial from March 29 to May 3. At the time of such intervention petitioners were aware of the May 3 trial date and they were aware that Judge Kroninger had been assigned to try the case. Moreover, as interveners they took the case as they found it, i.e., they took it subject to the trial date of May 3. They had ample time to challenge Judge Kroninger if they were so disposed since they could make the disqualification motion at any time prior to five days before May 3. Petitioners did not make such a motion. Under the rationale of *Kennedy*, petitioners, if they were disposed to challenge Judge Kroninger, were obliged to do so five days prior to May 3 which date, as to petitioners, was the original trial date. (See *People* v. *Martinez*, 232 Cal.App.2d 796, 800-801 [43 Cal.Rptr. 197] [cert. den. 384 U.S. 1019 (16 L.Ed.2d 1042, 86 S.Ct. 1978)]; *People* v. *Replogle*, 250 Cal.App.2d 637, 638-639 [58 Cal.Rptr. 683].)

■ There is no requirement, as urged by petitioners, that they must have filed a general appearance in order to avail themselves of the motion to disqualify. In *Loftin* v. *Superior Court*, 19 Cal.App.3d 577, 579 [97 Cal.Rptr. 215], it was held that section 170.6 does not restrict the privilege to move to disqualify a judge to a party who has made a general appearance. In that case it was recognized that a party making a special appearance for the purpose of moving to quash summons can exercise the challenge provided for in section 170.6. The same principle is applicable here. ■ Petitioners, although they did not file their petition in intervention until June 5, were parties to the action since April 14 and had participated in the proceedings as parties commencing on the latter date. They thus were parties "appearing" in the action in the sense and purport of section 170.6. To hold otherwise would permit an intervener to withhold the filing of his pleading in intervention until the eve of trial

so as to permit him to then challenge the unwanted judge and thus bring about a postponement of the trial. Such an occurrence would bring about the waste of judicial time and manpower decried in *Kennedy*.

We next observe that when the cause was continued from May 3 to May 24 in order to permit its disposition on an agreed statement of facts and motions for summary judgment, petitioners still refrained from making any disqualification motion prior to the continued date of trial. Moreover, assuming, arguendo, that the actual true trial date was June 7, the date to which the trial was continued from May 23 by stipulation, petitioners' attempted challenge was nevertheless untimely since it was not made until June 5, a date less than the required five days.

The peremptory writs of mandamus and prohibition are denied and the alternative writ of prohibition is discharged.

Elkington, J., and Weinberger, J.,* concurred.

Petitioners' application for a hearing by the Supreme Court was denied March 29, 1973.

---

*Assigned by the Chairman of the Judicial Council.