[Civ. No. 25867. Second Dist., Div. Three. Nov. 7, 1961.]

EAGLE MAINTENANCE AND SUPPLY COMPANY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; W. W. SHERWOOD, Real Party in Interest.

Marvin B. Kapelus for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

FRAMPTON, J. pro tem.*—Petitioner seeks a writ of prohibition to restrain a judge of the respondent court from

*Assigned by Chairman of Judicial Council.

proceeding to try a cause of action pending before him in which petitioner herein is the plaintiff.

Although the petition sets forth matters which could be considered as the basis of a claim of actual bias under the provisions of Code of Civil Procedure, section 170, these matters are denied in the return. In addition the petition describes the motion and affidavit as having been filed in the trial court pursuant to Code of Civil Procedure, section 170.6 and the return treats it as such. At the time of oral argument in this court, petitioner and respondent agreed that the cause should be heard and determined on the basis that the challenge was peremptory (Code Civ. Proc., § 170.6), rather than for cause (Code Civ. Proc., § 170).

It appears that the action was first set for trial April 14, 1961, in the department to which the judge against whom the peremptory challenge was later filed, was regularly assigned. The cause went to trial as a default on said date and an order for judgment in favor of plaintiff was entered in the minutes. No judgment was thereafter entered.

On May 2, 1961, before the same judge, defendant moved the court under Code of Civil Procedure, section 473, to set aside the order for judgment and default and such motion was granted. The following minute order was made. "The cause is reset for trial in this Dept at 9:45 AM, June 1, 1961, and notice is waived." The record further discloses that petitioner's counsel was present when this order was made.

The return to the petition shows that some time prior to June 1, 1961 (exact date not disclosed), pursuant to oral request of counsel the trial date was postponed to September 6, 1961, in the same department of the court. That on or about September 1, 1961, petitioner caused to be served and filed his motion to disqualify and affidavit pursuant to the provisions of Code of Civil Procedure, section 170.6. On September 6, 1961, the motion to disqualify was denied and the judge against whom the motion and affidavit were directed continued the trial to October 4, 1961, and will proceed in the trial at that time unless restrained.

Respondent contends that petitioner had knowledge on May 2, 1961, that the judge who first tried the case would retry it on June 1, 1961, and was therefore required by the terms of the statute to file his motion and affidavit of disqualification not later than five days before June 1, 1961,

and that the filing thereof five days before the September 6th setting was too late. Respondent contends further that "a series of continuances of a trial date does not create a new right to disqualify the trial judge each time the case is continued." Respondent's position would be sound if the trial of the cause after setting aside the default constituted a continuation of the original proceedings. (*Jacobs* v. *Superior Court*, 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9].) However, the ultimate purpose of relief under Code of Civil Procedure, section 473, is to give the moving party a fair trial on the merits. (3 Witkin, California Procedure, § 61, p. 2112.) It leaves the matter in controversy open for future determination on the merits. (*Lathrop* v. *Kellogg*, 158 Cal.App.2d 220 [322 P.2d 572].)

The section in question only requires the affidavit in support of the motion to state that the judge before whom the trial is pending is prejudiced against either the party or his attorney, or the interest of such party or his attorney so that affiant cannot or believes he cannot have a fair and impartial trial or hearing before such judge. (Code Civ. Proc., § 170.6, subd. (5).) No facts are required to be set forth supporting the charge of prejudice and the affidavit is sufficient if there is only a belief as to the existence of prejudice even though it may not in fact exist.

The record discloses that over 97 days elapsed between the date first set for the retrial and the date upon which the cause was finally scheduled to be tried. It is possible during such a period that a party or an attorney to the proceeding might discover something, whether based on fact or not, which would cause him to believe that the trial judge is prejudiced and that he cannot have a fair and impartial trial before him.

If the section is strictly construed in accordance with respondent's view, a party who failed to file his motion and affidavit five days prior to the first scheduled trial date would be deprived of his right to have his cause tried before a judge whom he believed to be impartial, where such trial date had been set over several months and notwithstanding that a change of circumstances had occurred in the meantime.

It is to be noted further that the cause of action herein was assigned to a particular department of the superior court, not to a specific judge. There are, as of this date, 120 departments of respondent court and we think it is a matter of common knowledge among lawyers that there are many trans-

fers of judges from one department to another throughout the year, due among other things to the absence of judges for normal sick leave and vacation periods. Under these circumstances where a case is continued for a substantial period of time, it would place an undue hardship upon a litigant or his counsel to compel him to know before the first scheduled trial setting, what judge would be assigned to try his case in a particular department of the court where the trial date has been set over.

██ We believe the section should be liberally construed with a view to effect its objects and to promote justice. (Code Civ. Proc., § 4.) ██ So construed, any such motion and affidavit to disqualify a trial judge under the provisions of section 170.6 are timely filed if presented at least five days before the last scheduled date for trial where the judge who is assigned to or scheduled to try the cause is known to the party or his attorney at least 10 days before such date.

Let the peremptory writ issue.

Vallée, Acting P. J., and Ford, J., concurred.