[Civ. No. 24712. First Dist., Div. Two. June 24, 1968.]

ROY H. WOODMAN et al., Plaintiffs and Appellants, v. EUGENE S. SELVAGE et al., Defendants and Respondents.

Kelso, Cotton, Seligman & Ray and Philip A. Ray for Plaintiffs and Appellants.

Brobeck, Phleger & Harrison, Marion B. Plant, Faulkner, Sheehan & Wiseman, Harold C. Faulkner, Pillsbury, Madison & Sutro, Noble K. Gregory, William I. Edlund, Parker A. Maddux, Gregory A. Harrison, J. Stewart Harrison and George C. Fisher for Defendants and Respondents.

SHOEMAKER, P. J.—This is an appeal by plaintiffs in a shareholders' derivative action from judgments of dismissal entered in favor of defendants Eugene Selvage and General Brewing Corporation upon plaintiffs' failure to comply with orders requiring them to post security, under section 834 of the Corporations Code, in the total amount of $160,000.[1]

Although plaintiffs' primary contention on appeal is that the court erred in ordering them to post security, they also contend that the court was required to disqualify itself, under Code of Civil Procedure, section 170.6, prior to ruling upon defendants' motions for security and that its failure to do so rendered its subsequent orders and judgments void. We agree with this latter contention.

On September 27, 1965, defendant General Brewing Corporation (hereafter referred to as "General") moved for an order staying discovery proceedings until December 1, 1965 and extending until said date the time within which General might plead to the complaint or move for an order requiring the furnishing of security under section 834 of the Corporations Code. On October 1, 1965, the motion was heard before Judge Karesh, and counsel for General advised the court that due to the complicated nature of the case, he needed more time to familiarize himself with the facts and determine his course of action. At the conclusion of the hearing, Judge Karesh granted the motion.

---

[1]Plaintiffs originally appealed also from a third judgment of dismissal entered in favor of defendant Frederick Ackerman after plaintiffs failed to comply with an order requiring them to post additional security in the amount of $85,000. However, on May 15, 1968, pursuant to stipulation, plaintiffs' appeal was dismissed as to Ackerman by order of the Court of Appeal.

On December 1, 1965, all three defendants, General, Selvage and Ackerman, served notices of motion for orders requiring plaintiffs to furnish security under section 834 of the Corporations Code. All three notices stated that the motions would be brought on for hearing before the law and motion judge of the superior court on December 13, 1965, or as soon thereafter as counsel might be heard. The Ackerman notice of motion also specifically named Judge Karesh as the judge who would hear the motion.

On December 13, 1965, counsel for the respective parties appeared before Judge Karesh, and counsel for defendant General, speaking on behalf of all counsel, immediately advised the court that the attorneys for all the parties, shortly after service of the notices of motion, had met and discussed the matter and had agreed that nothing would be done on December 13 but to attempt to set a hearing date which would be convenient for the court and all the parties. General's counsel further stated that a hearing date of January 5 was agreeable to all the parties and that the hearing would be extensive.

After counsel for the respective parties had discussed the need for the taking of testimony in addition to the filing of affidavits, the court indicated that it would be unwilling to allow more than two afternoons for the hearing. Plaintiffs' counsel then suggested that in view of the court's crowded calendar, the matter should be referred to a trial department, as was frequently done. The court rejected this suggestion and reaffirmed its intention to set aside two afternoons for the hearing. Following further discussion relative to the need for subpoenaing various witnesses, the court set the hearing for three afternoons, January 10, 11 and 12, 1966.

Plaintiffs' counsel was then sworn and moved to disqualify Judge Karesh on the ground that he was prejudiced against plaintiffs and that they could not obtain a fair and impartial hearing before him. The court denied the motion on the ground that the oral statement of prejudice was untimely.

On January 10, 1966, the motions for security came on for hearing, and Judge Karesh then stated that subsequent to the December 13 hearing, he had received two communications from plaintiffs' counsel expressing the view that he had been disqualified. The judge reaffirmed his view that plaintiffs' motion to disqualify him under Code of Civil Procedure, section 170.6, was not timely. Thereafter he proceeded with the hearing which ultimately resulted in the orders requiring

plaintiffs to post security and, upon their failure to do so, in the judgments of dismissal, the subject of this appeal.

At the time of plaintiffs' unsuccessful attempt to disqualify Judge Karesh, Code of Civil Procedure, section 170.6, provided in pertinent part that: ''(1) No judge of any superior . . . court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.

''(2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or an oral statement under oath that the judge before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge. *Where the judge assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. . . . If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. . . . The fact that a judge has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided.*

''(3) If such motion is duly presented and such affidavit is duly filed or such oral statement under oath is duly made, thereupon and without any further act or proof, the judge supervising the master calendar, if any, shall assign some other judge to try the cause or hear the matter. In other cases, the trial of the cause or the hearing of the matter shall be assigned or transferred to another judge of the court in which the trial or matter is pending or, if there is no other judge of the court in which the trial or matter is pending, the Chairman of the Judicial Council shall assign some other judge to try such cause or hear such matter as promptly as possible.

Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section; and in actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding. . . ." (Stats. 1965, ch. 1442, pp. 3375-3376; italics supplied.)

In the instant case, Judge Karesh's determination that plaintiffs' motion was untimely was not based upon his having previously passed upon any motion or proceeding which involved a determination of contested fact issues relating to the merits. Judge Karesh expressly so stated at the time he denied plaintiffs' motion to disqualify him, and the record supports his statement.

We are satisfied that plaintiffs' motion to disqualify Judge Karesh was not untimely. The record shows that plaintiffs' motion to disqualify was made on December 13, 1965, prior to the commencement of any hearing of the motions for security and at a time when the court had done nothing but determine that said motions *would* be heard on January 10, 11 and 12, 1966.

The defendants, however, point out that their notices of motion for security were filed on December 1, 1965 and expressly stated that defendants would bring such motions on for hearing on December 13, 1965, in the law and motion department of the superior court and they urge that since the Ackerman motion specifically named Judge Karesh as the judge who would hear the matter and since, in any event, plaintiffs must have been aware that he was the judge assigned to law and motion, plaintiffs were required to move for his disqualification, under Code of Civil Procedure, section 170.6, no later than December 8, 1965.

Defendants' position is untenable for two reasons. First, the noticing of a motion does not necessarily set the date for the hearing. "The notice of motion is distinct from the motion itself, and counsel has to be present and actually make the motion." (2 Witkin, California Procedure, Proceedings Without Trial, § 10, p. 1647.) In the instant case, at the court appearance on December 13, the court was told, with the acquiescence of all counsel, that they were not ready to proceed with the hearing of the motion, but instead had agreed among themselves that the appearance would be used to work

out a subsequent date for the hearing which would be satisfactory to all parties. Since defendants were the moving parties and affirmatively participated in this arrangement, they cannot now be heard to say that the noticing of a date to hear a motion renders that date the commencement of the hearing for purposes of section 170.6. If such conduct were to be condoned, it could lead to unconscionable tactics, first lulling trial counsel into the belief that he need not protect himself by exercising his right to challenge and then forever foreclosing him once the critical date had passed.

There is a further reason for holding that plaintiffs' motion under section 170.6 was timely. ▮▮ Section 170.6 should be liberally construed. (*People* v. *Kennedy* (1967) 256 Cal.App. 2d 755, 763 [64 Cal.Rptr. 345].) As stated in the case of *Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692, 694-695 [16 Cal.Rptr. 745], "we think it is a matter of common knowledge among lawyers that there are many transfers of judges from one department to another throughout the year, due among other things to the absence of judges for normal sick leave and vacation periods. Under these circumstances where a case is continued for a substantial period of time, it would place an undue hardship upon a litigant or his counsel to compel him to know before the first scheduled trial setting, what judge would be assigned to try his case in a particular department of the court where the trial date has been set over."

No one challenges that plaintiffs' counsel knew that the motion had been noticed for hearing in the law and motion department, which at that time was being presided over by Judge Karesh. However, since counsel had agreed that the motion would not be made on that date, there was a distinct possibility that Judge Karesh would not be presiding over the matter at the subsequent date agreed upon, either because of his absence from the court or because the matter might be transferred to another department. In fact, matters of such complexity as this case involves and which, according to the estimates of counsel, might take as much as nine days to present, are often transferred in San Francisco out of the law and motion department into another department as a nonjury matter. (Fleischmann, Advising California Business Enterprises (Cont.Ed.Bar. 1958), ch. 24, p. 851, subd. (b) of Comment.)

▮▮ In the light of the foregoing, plaintiffs' motion to disqualify Judge Karesh must be deemed timely, in that it

was made as soon as it became known to plaintiffs' counsel that defendants' motions for security would be heard by that judge on January 10, 11 and 12, 1966. It is settled that when a party properly makes a motion under section 170.6 and the judge against whom it is directed fails to disqualify himself from hearing the matter before him, his subsequent orders and judgment are null and void. (*Estate of Cuneo* (1963) 214 Cal.App.2d 381, 384 [29 Cal.Rptr. 497].)

Our conclusion renders unnecessary any discussion of the other contentions of plaintiffs.

The judgments of dismissal in favor of defendants Selvage and General Brewing Corporation and the prior orders requiring plaintiffs to post security for said defendants are reversed.

Agee, J., and Taylor, J., concurred.

A petition for a rehearing was denied July 24, 1968, and the petition of respondent Selvage for a hearing by the Supreme Court was denied August 21, 1968.