[Civ. No. 43023. Second Dist., Div. Four. Apr. 29, 1974.]

HENRY ZDONEK, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY et al.,
Respondents;
JOSEPH M. QUINTANA et al., Real Parties in Interest.

## COUNSEL

Grossman, Smaltz, Graven & Perry and Ralph B. Perry III for Petitioner.

John H. Larson, County Counsel, and Dwight V. Nelsen, Deputy County Counsel, for Respondents.

Higgs, Fletcher & Mack and John S. Huiskamp for Real Parties in Interest.

## OPINION

**FILES, P. J.**—This proceeding was commenced here to prohibit further judicial action by a superior court judge who allegedly had been disqualified by a motion made under Code of Civil Procedure section 170.6. The sole issue presented is the timeliness of the motion.

The controlling facts, as alleged in the petition and admitted in the answer, are simple. Petitioner is one of the defendants in two civil actions

pending in the superior court. On April 14, 1972, the judge presiding in department 1 (the civil master calendar department) consolidated the two cases and assigned the consolidated action to Judge Bernard S. Jefferson for all further proceedings. On September 15, 1972, Judge Jefferson heard and overruled a demurrer to the complaints. A motion to test the propriety of the case as a class action was set for November 2, 1973. On October 4, 1973, petitioner filed in the superior court a motion for disqualification of Judge Jefferson. The form of the motion was in conformity with the requirements of section 170.6, and, if timely, would have been immediately effective to deprive Judge Jefferson of further jurisdiction in the case.[1] Judge Wenke, the judge presiding in the master calendar department, thereupon made an order denying the motion to disqualify upon the ground that it was not timely filed. The petition filed here alleged that, unless restrained, Judge Jefferson would hear further proceedings in the consolidated civil action, pursuant to the assignment from the master calendar department made April 14, 1972.

Three sentences in subdivision (2) of section 170.6 are pertinent to the discussion here: "Where the judge or court commissioner assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where

---

[1]The time limitations provided for in Code of Civil Procedure section 170.6 are contained in subdivision (2), the complete text of which is as follows: "(2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge or court commissioner before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge or court commissioner. Where the judge or court commissioner assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. In no event shall any judge or court commissioner entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge or court commissioner has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided."

there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. . . . The fact that a judge or court commissioner has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided."

The 10-day—5-day provision (first sentence) and the master calendar provision (second sentence) have been a part of the section since its first enactment in 1957. (Stats. 1957, ch. 1055, § 1, p. 2288.) The third sentence quoted above was added in 1965. (Stats. 1965, ch. 1442, § 1, p. 3375.)

Although the assignment to Judge Jefferson was made by the judge presiding in the master calendar department, the assignment was not from a master calendar, as that term is used in section 170.6 and in the California Rules of Court (*Villarruel* v. *Superior Court* (1973) 35 Cal.App.3d 559, 562 [110 Cal.Rptr. 861]; *People* v. *Escobedo* (1973) 35 Cal.App.3d 32, 38 [110 Cal.Rptr. 550]). The applicable rule, therefore, is the 10-day—5-day rule, subject to the effect of the 1965 amendment.

Under the statute as it was construed prior to 1965, if a party failed to challenge a judge prior to his hearing a demurrer, no further opportunity existed for challenge of that judge in that case under section 170.6. (*Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195 [41 Cal.Rptr. 721]; *Ball* v. *City Council* (1967) 252 Cal.App.2d 136, 145 [60 Cal.Rptr. 139].)

The 1965 amendment was drafted and sponsored by the State Bar of California for the purpose of changing the law in this particular respect. The bar urged that a party should be permitted to preserve his right to disqualify a judge under section 170.6 for trials and other fact determinations, notwithstanding that the judge had earlier heard demurrers and motions without challenge. (See *Report of the Committee on Administration of Justice* (1964) 39 State Bar J. 496, 497; Macomber & Matthews, *1965 Legislative Program* (1965) 40 State Bar J. 122, 127.)

Two proceedings arising out of criminal cases illustrate the application of the 1965 amendment. In *Kohn* v. *Superior Court* (1966) 239 Cal.App. 2d 428 [48 Cal.Rptr. 832], defendants in a criminal case made a motion to set aside the indictment under Penal Code section 995, which motion was denied. Thereafter they filed a motion to disqualify the judge from

trying the case. The Court of Appeal held the motion timely, and issued a writ prohibiting the challenged judge from trying the case. The opinion states at page 430: "Here, it is crystal clear that the 1965 amendment changed the law and that a motion to disqualify a judge can now be made after any hearing or proceeding held prior to trial which does not involve a determination of a contested fact issue relating to the merits."

In *Fraijo* v. *Superior Court* (1973) 34 Cal.App.3d 222 [109 Cal.Rptr. 909], a defendant pleaded guilty pursuant to a "plea bargain" which the trial judge tentatively approved. Later the judge withdrew from the "bargain," vacated the plea, and set the case for trial. The defendant then moved under section 170.6 to disqualify that judge from presiding over the trial, but the judge denied the motion as untimely. The Court of Appeal held the motion timely and prohibited the challenged judge from proceeding, upon the authority of the 1965 amendment and the *Kohn* decision.

The 1965 amendment was plainly directed to the very situation which is presented in the case at bench. Since the challenged judge has not yet conducted any hearing which involves a determination of any contested fact issue relating to the merits, and since the motion was filed more than five days prior to the date set for any such hearing or trial, the motion was timely. The fact that the consolidated civil action was assigned to the judge for all proceedings does not prevent the application of the 1965 amendment here.[2] In both the *Kohn* case and the *Fraijo* case, it is apparent that a single trial judge had been designated to hear and decide preliminary motions and also try the case without further assignment by the presiding judge.[3.]

Counsel for real party in interest make the further contention that the motion to disqualify, filed October 4, 1973, was untimely because, on September 12, 1973, the plaintiffs had filed a notice of motion for a hearing to test the propriety of continuing the litigation as a class action, and had set that motion for hearing on September 27, at which time the court, on its own motion, continued the hearing of that motion to November 2. The motion to disqualify was served September 25 and filed October 4.

---

[2]The dissenting justice attempts to make a distinction between the assignment of a case to a department of the court and an assignment to a judge by name. Section 170.6 does not support that kind of distinction. The section does not say anything about departments of court. The 1965 amendment necessarily contemplates that a particular judge has been duly assigned to hear the case, that he has acted in connection with some part of the case, and is expected to hear other matters in that case.

[3]The legal procedure under which the *Fraijo* case was assigned is described in that opinion by reference to *Sambrano* v. *Superior Court* (1973) 31 Cal.App.3d 416 [107 Cal.Rptr. 274], where the procedure is spelled out in detail.

The contention appears to be that since the disqualification was not filed five days before September 27, it was not a timely disqualification with respect to any hearing set on September 27; and therefore, it is argued, the judge is not disqualified with respect to hearing the same matter at a later date.[4]

We assume that Judge Jefferson was not disqualified to act on September 27 since the motion to disqualify was filed thereafter. However, both the statute and the case law preclude his hearing the matter at any date more than five days after October 4, when the motion to disqualify was filed. The applicable part of the statute is: "Where the judge or court commissioner assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date." The cases establish that where a hearing date is set, and the hearing is postponed, a motion filed five days prior to the postponed date is timely. In *People* v. *Escobedo, supra,* 35 Cal.App.3d 32, a motion was set for March 9, then continued to May 19 and again to June 30, all in the same department. On June 24 a motion to disqualify the judge in that department under 170.6 was filed. The matter was again continued to August 12 when it was heard by the challenged judge. The Court of Appeal held the motion timely (35 Cal.App.3d at p. 40).

In *Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal. App.2d 692, 695 [16 Cal.Rptr. 745], a judge made an order on May 2 setting aside a default judgment and resetting the case for trial on June 1. The trial date was later postponed to September 6 in the same department. On September 1 a party filed a motion to disqualify the judge under section 170.6. The Court of Appeal held the motion timely, because "presented at least five days before the last scheduled date for trial. . . ."

The *Eagle Maintenance* case was followed in *Woodman* v. *Selvage* (1968) 263 Cal.App.2d 390, 394 [69 Cal.Rptr. 687].

*People* v. *Kennedy* (1967) 256 Cal.App.2d 755 [64 Cal.Rptr. 345],

---

[4]Apparently there is no contention that petitioner waived his right to move for disqualification by consenting to a continuance of the hearing from September 27 to November 2. The record would not support any such contention. The record of what happened on September 27 is shown only by a minute order made in department 49 on that day reading as follows: "On the Court's own motion, and telephone agreement of all parties, motion of plaintiff Quintana to test propriety of class action is continued to November 2, 1973, at 10 a.m. in this Department 49." The heading on the order indicates no attorneys present. The recital in the order indicates no more than that some persons on the telephone had indicated to the court that they were willing that the time of the hearing be put over until the later date.

cited by real parties in interest, is not in point because it involved an assignment of a case for trial from a master calendar. In *Kennedy,* the judge supervising the criminal master calendar assigned the case to Judge Thomas on Friday, June 3, 1966. On that day, in Judge Thomas' department, the defendants waived a jury trial, and the court dismissed the jury panel which was in attendance. Defendants then argued two motions. On Monday, June 6, Judge Thomas denied the motions and ordered the trial to trail another uncompleted case which was pending in his department. Defendants then sought a writ of prohibition in the appellate court, which was denied on June 21. On June 18 defendants filed a motion purporting to disqualify Judge Thomas under section 170.6. On the district attorney's motion the trial was put over to July 26. On July 21 defendants filed another motion to disqualify (apparently under § 170, but without adequate supporting facts). On July 26 Judge Thomas ruled that the attempted challenge was untimely. In affirming the judgment, the Court of Appeal held that the assignment of the case to Judge Thomas was from a master calendar, and hence any motion to disqualify him under section 170.6 was required to be made in the master calendar department. The opinion observed that "Judge Thomas was free to commence the trial on June 3, but devoted the day instead to hearing defendants' tardy motions." (256 Cal.App.2d at p. 763.) Inasmuch as the case was assigned from a master calendar for immediate trial in a ready trial department, the special "master calendar" proviso of section 170.6 applied.[5] The only place to move to disqualify under section 170.6 was in the master calendar department, and the 10-day—5-day rule did not apply.[6] In the case at bench, the assignment was not from a master calendar (as we have pointed out above) and the 10-day—5-day rule allowed the challenge to be made 5 days before the actual hearing date, as in *Eagle Maintenance* and *Escobedo, supra.*

---

[5]"If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial." (See fn. 1 for full text.)

[6]In *Hospital Council of Northern Cal.* v. *Superior Court* (1973) 30 Cal.App.3d 331 [106 Cal.Rptr. 247], the court held that a motion to disqualify made two days before the "actual true trial date" was untimely. The opinion also points out that the case had been set for trial at an earlier date, and states that to be timely, the motion should have been made five days before the "original trial date." That holding was based upon *People* v. *Kennedy, supra,* which the court cited as an application of the 10-day—five-day time limit. *Hospital Council* did not mention either *Eagle Maintenance* or *Woodman* v. *Selvage, supra.* As we read the *Kennedy* case, it was decided upon the failure of the defendants to make their motion when the case was assigned from the master calendar. *Kennedy* distinguished *Eagle Maintenance* upon the ground that the latter did not involve an assignment from a master calendar. (See 256 Cal.App.2d at pp. 761-763.)

■ Finally, we point out that it is necessary and proper for this court to act by way of an extraordinary writ of prohibition. Since Judge Jefferson has been disqualified, further rulings by him in the case would be void. (*Woodman* v. *Selvage, supra,* 263 Cal.App.2d 390, 396.) The use of the writ saves the parties and the superior court from waste of time in useless proceedings.

Let a writ of prohibition issue prohibiting any further proceedings before the Honorable Bernard S. Jefferson in the consolidated cases entitled Roberts, et al., vs. Prime Industries, Inc., et al., No. C 17036, and Quintana, et al., vs. Prime Industries, Inc., et al., No. C 23132 in the Superior Court of Los Angeles County.

Dunn, J., concurred.

**KINGSLEY, J.**—I dissent.

The case at bench is one of first impression—primarily, I assume, because "all purpose" assignments ordinarily are made after consultation with all counsel and on a stipulation by them as to the assignee judge. Here, as the record before us shows, the assignment was made by the presiding judge without securing such a stipulation. No one now contests his authority, in the exercise of his administrative powers, so to act.

The reason for an "all purpose" assignment lies in the pragmatic value of having all matters arising in a complicated and potentially long drawn-out case to be heard by one judge, so that the time of litigants, counsel and the superior court need not be wasted in the repetitive education of successive judges in the intricacies of that kind of case. The situation, thus, differs from that involved in the cases relied on by the majority, where the assignment was to a *department* of the court and not to a particular judge by name. While the departmenal assignment may have been made on the *assumption* that one judge would continue to control the case, that was neither the legal nor the practical effect of those assignments. Many circumstances might result in a transfer of the original judge to another department, or the temporary assignment of a different judge to the designated department. The assigned case would, absent some new assignment, remain in the designated department, regardless of the judge sitting on any particular day. Not so with the "all purpose" assignments. The instant case was assigned to Judge Jefferson by name, it traveled with him into any department to which he might thereafter be assigned or re-assigned. To permit a challenge under section 170.6 after the parties have held hearings before the designated judge, and more than a year after all parties

and counsel knew that he was to hear every motion and to preside at the trial, totally frustrates the purpose of the original assignment. I conclude that the controlling language in section 170.6 was not that relied on by the majority but the language which is directed to cases "of trials or hearings not herein specifically provided for" and that it falls under the rule that a party may not, after proceedings have commenced, compel a change of judges in midstream. In my opinion, petitioner's rights under section 170.6 expired on September 9, 1972 (five days before Judge Jefferson heard the demurrer) and cannot be revived. I would deny the peremptory writ.