86 Cal.App.3d 753 (1978)
150 Cal. Rptr. 412
THE PEOPLE, Plaintiff and Respondent,
v.
L.V. HALL, Defendant and Appellant.
Docket No. 17374.
Court of Appeals of California, First District, Division One.
November 28, 1978.
*754 COUNSEL
Paul N. Halvonik, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, B.E. Bergesen III, Deputy State Public Defender, and Steven C. Wolan, Acting Deputy State Public Defender, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
RACANELLI, P.J.
Defendant was convicted by a jury on a charge of violating section 11350 of the Health and Safety Code (possession of *755 heroin) and section 148 of the Penal Code (resisting and obstructing a peace officer). Following institution of proceedings pursuant to section 3051 of the Welfare and Institutions Code, defendant was found to be a narcotic addict and ordered committed to the California Rehabilitation Center for the term prescribed by law. On appeal from the order of commitment,[1] defendant raises several claims of reversible error. Our resolution of the first of such claims requiring reversal is dispositive of this appeal.
(1a) Defendant claims that his affidavit of prejudice seeking to disqualify the trial judge was timely filed and erroneously denied; accordingly, he argues, the trial judge was deprived of any further jurisdiction other than to grant the disqualification motion and recuse himself. (Code Civ. Proc., § 170.6, subd. (3); see Solberg v. Superior Court (1977) 19 Cal.2d 182, 190 [137 Cal. Rptr. 460, 561 P.2d 1148]; McCartney v. Commission on Judicial Qualifications (1974) 12 Cal.3d 512, 531-532 [116 Cal. Rptr. 260, 526 P.2d 268].)

Factual Background
The record reveals the following chronology of events relevant to our discussion:
On February 16, 1977, defendant was arraigned and entered a plea before Judge Paik who set a trial date of March 14 in "Dept. 6" (in which Judge Stewart normally presided) and a pretrial conference hearing for March 11;
On March 11, Judge Machado continued the pretrial hearing to March 14, the date fixed for trial;
On March 14, Judge Stewart granted the defendant's joint motion for a continuance to March 16 on a "trailing basis" before Judge Paik;
On March 16, Judge Paik granted defense counsel's motion for continuance of the trial date to April 4 in "Dept. No. 5"[2] and continued the pretrial conference to April 1;
*756 On April 1, pretrial conference was held before Judge Paik who again set the cause for trial on April 4, "before Judge Stewart";
On April 4, Judge Drummond granted a further continuance to April 6 for "resetting" of trial, following hearing (apparently before yet another judge) of a defense motion to relieve counsel on grounds of asserted conflict;
On April 6, defense counsel again moved to withdraw; Judge Paik denied the motion and ordered "trial-setting" continued to April 7;
On April 7, Judge Paik granted counsel's renewed motion to withdraw in favor of substitute counsel and reset trial to May 9 in department 6, with pretrial on May 6;
On May 6, Judge Fogg granted defendant's joint motion for continuance of trial to May 16 in department 6, resetting pretrial conference to May 13;
On May 9, defendant filed a declaration of prejudice challenging Judge Stewart;
On May 13, Judge Paik confirmed the May 16 trial date and ordered the matter to trail in his department;
On May 16, Judge Paik denied defendant's challenge as untimely; prior to jury impanelment, defendant renewed his disqualification motion before Judge Stewart who likewise denied the motion and thereafter presided at trial.

Timeliness of Defendant's Section 170.6 Challenge
(2) It is settled law that once a motion to disqualify is made, the court has no jurisdiction to hold further proceedings in the matter except to determine compliance with the statutory requirements of timeliness and sufficiency. (McCartney v. Commission on Judicial Qualifications, supra, 12 Cal.3d 512, 531-532.) If the motion is timely made and supported by a sufficient affidavit or declaration of prejudice, the jurisdiction of the *757 designated trial judge is strictly limited to granting the motion and recusing himself. (Code Civ. Proc., § 170.6, subd. (3); Solberg v. Superior Court, supra, 19 Cal.3d 182, 190.)
(1b) Herein, the only dispute centers upon the timeliness of the motion made by defendant on May 9, seven full days before the last date set for trial. Since it is undisputed that the statutory challenge is directed to the trial of a cause not involving a master calendar assignment, the question of timeliness must be determined under the 10-day 5-day provisions of the statute.[3] (See In re Jose S. (1978) 78 Cal. App.3d 619, 627-628 [144 Cal. Rptr. 309]; Zdonek v. Superior Court (1974) 38 Cal. App.3d 849, 852 [113 Cal. Rptr. 669]; Villarruel v. Superior Court (1973) 35 Cal. App.3d 559, 563-564 [110 Cal. Rptr. 861]; People v. Escobedo (1973) 35 Cal. App.3d 32, 39-40 [110 Cal. Rptr. 550]; Sambrano v. Superior Court (1973) 31 Cal. App.3d 416, 419 [107 Cal. Rptr. 274]; Eagle Maintenance & Supply Co. v. Superior Court (1961) 196 Cal. App.2d 692, 694-695 [16 Cal. Rptr. 745].)
(3) (See fn. 4.) The People contend, relying principally on our decision in Hospital Council of Northern Cal. v. Superior Court (1973) 30 Cal. App.3d 331 [106 Cal. Rptr. 247], that the disqualification motion should have been made five days before the original trial date in order to be considered timely.[4] Their reliance is misplaced.
In Hospital Council, we concluded that a challenge attempted two days before the continued trial date (June 7) was untimely under the 10-day 5-day rule. In so doing, we first observed that the petitioners had long been aware (as participating amici) of the identity of the assigned trial judge and, most likely, of the original trial date setting as well. While subscribing to the obiter dictum rationale expressed in People v. Kennedy (1967) 256 Cal. App.2d 755, at pages 762-763 [64 Cal. Rptr. 345] (challenge denied on grounds of insufficient affidavit and untimeliness under master *758 calendar provision of the statute), we reasoned that while petitioners were not parties when the original trial date had been set, from the moment they were permitted to intervene they were aware of the previously continued May 3 trial date (and trial judge's identity) which date became, as to them, the "original trial date" (id., at p. 339) for purposes of challenge. We further observed, arguendo, that since the challenge was made within five days of the "actual true trial date" (June 7) it was in any event untimely. Accordingly, our holding therein is limited to the special facts presented.
(1c) However, where a cause is set for future trial before a particular department, a convincing array of authority supports the conclusion that a challenge made at least five days before a continued or postponed trial date is timely. (In re Jose S., supra, 78 Cal. App.3d 619, 627; People v. Escobedo, supra, 35 Cal. App.3d 32, 37; Zdonek v. Superior Court, supra, 38 Cal. App.3d 849, 854; Eagle Maintenance & Supply Co. v. Superior Court, supra, 196 Cal. App.2d 692, 694-695.) Sound reasons underlie the central principle distilled from the authorities cited above: the statutory provision is designed to afford a reasonable opportunity to disqualify a known trial judge; when an assignment is made to a trial department well in advance of the parties' readiness for trial,[5] a change of judge in that department or continuance of trial due to compelling circumstances is not uncommon. (See Eagle Maintenance & Supply Co. v. Superior Court, supra, 196 Cal. App.2d 692, 694-695.) Frequently, information relevant to a party's decision to challenge a particular judge may be discovered during the period of continuance.[6] (See Woodman v. Selvage (1968) 263 Cal. App.2d 390, 395 [69 Cal. Rptr. 687].)
The record discloses that no less than six trial date continuances were granted by different judges and assigned to two trial departments, including a "trailing" order before the judge supervising the criminal calendar. To require the defendant to exercise his single challenge only before the original date of trial in a designated department, or not at all, would unfairly countenance an element of chance tending to subvert the *759 underlying statutory purpose. (See Villarruel v. Superior Court, supra, 35 Cal. App.3d 559, 561-562; cf. Jacobs v. Superior Court (1959) 53 Cal.2d 187, 191 [1 Cal. Rptr. 9, 347 P.2d 9].)
In conclusion, we hold that defendant's motion to disqualify Judge Stewart under the relevant provisions of Code of Civil Procedure section 170.6, made at least five days before the postponed and actual trial date of May 16, was timely. Denial of the motion and resultant failure to recuse rendered further proceedings before Judge Stewart null and void. (In re Jose S., supra, 78 Cal. App.3d 619, 628; Woodman v. Selvage, supra, 263 Cal. App.2d 390, 396.)
In view of our decision, it is unnecessary to reach the remaining issues presented on appeal.
The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Elkington, J., and Newsom, J., concurred.
NOTES
[1] Defendant's notice of appeal, filed September 1, 1977, fails to specify the order from which the appeal is taken. Under liberal rules of construction (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 336, pp. 4313-4315) we treat the appeal as properly taken from the order and judgment of commitment rendered on August 4, 1977. (See Pen. Code, § 1237, subd. 1; Cal. Rules of Court, rule 1(a).)
[2] The People suggest the department designation is the result of clerical error since the minutes of April 1 disclose Judge Stewart as the judge assigned for trial set for April 4. Since neither side has attempted to clarify the asserted claim of error, we are obliged to accept the record as presumptively correct. (See Shellhaas v. Petrolane, Ltd. (1950) 98 Cal. App.2d 171, 174 [219 P.2d 797].) We note, however, that on the date in question (Apr. 4), the minutes show that the matter was called before a different judge presiding in an undesignated department.
[3] Code of Civil Procedure section 170.6, subdivision (2), provides in pertinent part as follows: "Where the judge ... assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date...."
[4] As noted, the original trial date set was March 14, 1977, in department 6. Notwithstanding, the People focus on the May 9 trial date arguing that a basis for disqualification was known to defendant well before the resulting deadline date of May 4. Of course, no other basis for disqualification than a good faith belief in prejudice is required under the statute. (See McCartney v. Commission on Judicial Qualifications, supra, 12 Cal.3d 512, 531.) The significance of the original trial date in relation to the motion is discussed infra.
[5] If the defendant were required to make his motion five days before the original but postponed trial date as argued by the People, a period of less than three weeks from date of arraignment would have been available to determine the wisdom of an early challenge against a judge but who may not be the actual trial judge. To require a sort of clairvoyant knowledge of the identity of the judge who would actually try the cause at some future date would impose an unjustified burden upon a party contrary to the statutory objectives. (See Eagle Maintenance & Supply Co., supra, 196 Cal. App.2d 692, 695.)
[6] We are inclined to accept the People's assumption that the fact that Judge Stewart had presided at the trial of defendant's brother two weeks earlier possibly motivated defendant's decision to exercise the challenge.