[Civ. No. 51408. First Dist., Div. Two. Aug. 20, 1981.]

JUAN LUIS ROBLES RETES, a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Real Party in Interest.

COUNSEL

E. Robert Wallach, David B. Baum, Edward R. Ramirez, Jr., Chavez & Ramirez, Victoria J. De Goff and Richard Sherman for Petitioner.

Shelby Brown, County Counsel, and Ann Miller Ravel, Deputy County Counsel, for Respondent.

Bruce Nye and Popelka, Allard, McCowan & Jones for Real Party in Interest.

OPINION

SMITH, J.—This is a petition for mandate/prohibition after the Superior Court of Santa Clara County entered an order on October 27, 1980, which denied a motion to disqualify the judge made pursuant to section 170.6 of the Code of Civil Procedure,[1] and thereafter granted a motion for summary judgment for defendant, real party in interest herein, and dismissed the action.

Petitioner contends that the judge of respondent court, in refusing to disqualify himself, acted contrary to the rule of *Bouchard* v. *Insona* (1980) 105 Cal.App.3d 768 [164 Cal.Rptr. 505], and that any order issued by him subsequent thereto is null and void. We agree.

FACTS

Petitioner, a minor represented by his guardian ad litem, is the plaintiff in a personal injury action filed against real party in interest. It appears from the record that in 1978, petitioner, a 15-year-old illegal alien, while attempting to board real party's moving train, fell under the wheels of the train and suffered the loss of his legs.

---

[1]All statutory references hereinafter are to the Code of Civil Procedure unless otherwise indicated.

On August 28, 1980, real party served petitioner with a notice of motion and motion for summary judgment. The moving papers recited that the matter would be heard on September 16, 1980, and, in conformance with the general policy and directive of the respondent law and motion judge, "in Courtroom 2, before the Honorable Bruce F. Allen." Department, or courtroom, 2 was the department designated as the law and motion department of respondent court in accord with rule 247 of the California Rules of Court and Judge Allen was designated the law and motion judge. By agreement of the parties, the matter was continued to October 21, 1980.

On October 21, 1980, the matter came on for hearing, set as number 42 on a law and motion calendar consisting of 45 matters. Upon arriving in the courtroom and learning that Judge Allen was in fact scheduled to hear the matter, petitioner's counsel filed a motion to disqualify and supporting declaration, pursuant to section 170.6 of the Code of Civil Procedure. Judge Allen denied the motion, as follows: "THE COURT: Retes and Southern Pacific. MR. NYE (attorney for real party in interest): Ready. About ten minutes, I think Your Honor. MR. WALLACH (attorney for petitioner): Your Honor, Bob Wallach—THE COURT: I can't hear you. MR. WALLACH: My name is Bob Wallach. I appear on behalf of responding party. We have requested a reassignment of this matter. THE COURT: Now, let's see. Document says 'Motion to Disqualify.' MR. NYE: I haven't seen that, Your Honor. THE COURT: No. That's because he just filed it. MR. NYE: I don't think it's timely. MR. WALLACH: I beg your pardon, Your Honor. I refer the Court to Bouchard versus Insona (phonetic). THE COURT: Let me see the file. You must have been served the moving papers because you filed a response. The moving papers are filed marked September 2, courtroom 2 before the Honorable Bruce F. Allen. You knew it was me. The motion is denied. Too late. MR. WALLACH: I'm sorry, Your Honor. THE COURT: I'm sorry, too. MR. WALLACH: I would like to be heard on this matter. THE COURT: I will come back to you."

When the court returned to number 42 on the law and motion calendar, the following ensued: "THE COURT: Retes and Southern Pacific, No. 42. MR. NYE. Good morning, Bruce Nye, on behalf of the Defendant Southern Pacific Transportation and moving party. MR. WALLACH: Robert Wallach appearing on behalf of the responding party, Plaintiff, and continuing our discussion—THE COURT: I told you I was denying your motion. MR. WALLACH: Your Honor, I heard you say

that. THE COURT: For two reasons. I have, No. 1, a motion filed yesterday morning with the Clerk, didn't bother to give it to me so I wouldn't have read the file. You knew I was going to hear the case for well over a month, so you're too late. Second reason is there's no affidavit here. MR. WALLACH: Excuse me, Your Honor. THE COURT: I don't have any affidavits. MR. WALLACH: Then the affidavit is in the Clerk's Office. THE COURT: Nobody signed it. MR. WALLACH: Excuse me, Your Honor. If I may be heard? THE COURT: Yes. MR. WALLACH: On the latter point, the affidavit is filed, original being filed with the Clerk. I don't know why it's not here before you. I see a declaration of myself here. THE COURT: Nobody signed it. MR. WALLACH: Well, then it's an omission I will now correct. THE COURT: You're not going to correct it now. No. Give it back to the Clerk. Give it to the Clerk the way it is right now. Just hand him that piece of paper. MR. WALLACH: Excuse me, Your Honor, before I do so—THE COURT: No. You're going to hand it to the Clerk right now like I am telling you to do. MR. WALLACH: I will now hand to the Clerk, Your Honor, a Notice to Disqualify Judge and to Assign Motion to Another Judge filed this morning by myself, signed by me; stapled to it is my declaration, the original of which is unsigned. It is my declaration. It is my wish and intention to sign it. The motion is filed timely. With all due respect I would like to argue your ruling. THE COURT: No. You're going to argue the motion for summary judgment by the defendant. MR. WALLACH: I will cite to the Court—the Court's own knowledge I am sure includes the case of Bouchard versus Insona (phonetic) which is a case arising out of this department which is totally applicable which holds this motion is filed timely. THE COURT: You don't have any case that says that. MR. WALLACH: I am holding the opinion of the Court before me, Your Honor, and I should be happy to submit it to the Court for review. THE COURT: Let me see it. MR. WALLACH: Thank you. THE COURT: This is a case where the Court holds on a calendar, law and motion calendar, you don't know which Judge is going to hear it. Ever since that case came down you're required to have motions noticed in this department say 'in front of Judge Allen.' MR. WALLACH: I would like return of the opinion, please, if I may. THE COURT: Do you have anything to say on the motion for summary judgment? If you do I will listen to you. I'm not going to hear anything further on your order to challenge. MR. WALLACH: Your Honor, I wish to be totally respectful to the Court and I request permission of the Court to speak further on the motion for challenge. THE COURT: I told you 'no' about four times. If you want to talk on the summary judgment motion I will listen to you. MR. WALLACH: It is the Plaintiff of the motion, a minor Plaintiff, this matter is not before this Court.

This Court does not have—THE COURT: Matter submitted. Motion [for summary judgment] granted. Good-bye."

The court entered its formal order denying the motion to disqualify, as follows: "(1) The Motion to Disqualify Judge and to Assign Action to Another Judge is neither timely filed nor supported by Affidavit, Declaration under penalty of perjury, nor sworn statement; [¶] (2) Good cause exists for granting Defendant leave to file an Amended Answer to Plaintiff's Complaint; and [¶] (3) There is no triable issue as to any material fact, and Defendant SOUTHERN PACIFIC TRANSPORTATION COMPANY is entitled to judgment as a matter of law. [¶] Therefore, [¶] IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify Judge and to Assign Action to Another Judge be, and it hereby is, denied; [¶] IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Amended Answer to Complaint be, and it hereby is, granted; and [¶] IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment be, and it hereby is, granted." On the same day, the court entered its judgment of dismissal.

After the trial court entered its judgment of dismissal, petitioner filed for a writ of prohibition/mandate with this court. This court denied the petition. The Supreme Court, upon petition, granted hearing and transferred the matter to this court with directions to issue an alternative writ of mandate/prohibition.

## DISCUSSION

■ The issue in this case is whether the court exceeded its jurisdiction in denying the motion to disqualify made pursuant to section 170.6 of the Code of Civil Procedure. Specifically, the question is whether the scheduling of a matter in a certain law and motion department before the named law and motion judge makes known with sufficient certainty the judge who will hear a matter, thereby invoking the 10-day/5-day rule of section 170.6.

Section 170.6 of the Code of Civil Procedure provides a method to disqualify a superior court judge who is prejudiced against any party, attorney or interest. Prejudice is established by any party, or his counsel, through an oral or written motion supported by affidavit or declaration under penalty of perjury or an oral statement under oath. Section 170.6 specifies that "[w]here the judge ... who is scheduled to ... hear the matter is known at least 10 days before the date set for tri-

al or hearing, the motion shall be made at least five days before that date."

In *Bouchard* v. *Insona* (1980) 105 Cal.App.3d 768 [164 Cal.Rptr. 505], this court reversed an order denying a motion to vacate a default and set aside a default judgment, concluding that the above quoted 10-day/5-day rule does not apply merely because a matter is scheduled in a specifically numbered law and motion department. Respondent in the *Bouchard* case argued that "in all probability" the law and motion judge would hear matters assigned to the law and motion department. (*Id.*, at p. 771.) The court in *Bouchard* rejected this argument stating that the "matter had been assigned to a department, not to a judge, and even in respondent's argument the identity of the judge is referred to as a matter of probability rather than certainty. The statute (§ 170.6) lays down the 10-day/5-day rule in reference to the *judge* being known. Decisions involving advance assignments for trial make it clear that the 10-day/5-day rule does not apply if the assignment is merely to a department." (*Id.*, at p. 772; see also *In re Jose S.* (1978) 78 Cal.App.3d 619, 627 [144 Cal.Rptr. 309]; *Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692, 694-695 [16 Cal.Rptr. 745]; *Woodman* v. *Selvage* (1968) 263 Cal.App.2d 390, 395 [69 Cal.Rptr. 687].)

The purpose of the 10-day/5-day rule of section 170.6 is "to afford a reasonable opportunity to disqualify a *known* trial judge." (*People* v. *Hall* (1978) 86 Cal.App.3d 753, 758 [150 Cal.Rptr. 412].) *Bouchard* holds that mere assignment to a specific law and motion department does not designate a *known trial judge.* The instant case presents the further question of whether the designation of a law and motion department, *plus* the name of the law and motion judge, provides the requisite *certainty* required to trigger the application of the 10-day/5-day rule.

The trial judge in this case, in his declaration filed with the return, supplies the answer. He states the instances when he reassigns law and motion matters are: (1) a section 170.6 motion; (2) when oral testimony is required; (3) conflict of interest, appearance of a conflict of interest, or possibility of conflict of interest; and, (4) although according to respondent judge not done routinely, matters which are complex or require a lengthy hearing. The law and motion judge's policy results in a number of instances when noticing a matter to his department, the assignment being further designated by his name, indicates only the probability, not certainty, of the judge who will hear the matter.

Petitioner states in his petition, and respondent court admits in its return, that court records indicate that during the period from August 1, 1980 (the month in which the moving papers were filed), through October 31, 1980 (the month in which the hearing was held), respondent judge presided in the law and motion department only 43 out of 57 court days. Judge Peter J. Anello presided on the other 14 days. Yet matters heard by Judge Anello had been specifically set before Judge Allen according to his requirement.

Further, both petitioner and respondent agree that even on those days when respondent judge is sitting, complex and lengthy matters are reassigned to be heard by other judges although the frequency of such reassignments is in dispute.

We hold that the instant facts are clearly within the rule of *Bouchard*. The addition of the name of the law and motion judge to the department number of the law and motion department of a multiple department superior court fails to add the certainty required by section 170.6. Such assignment is not an assignment to a known judge within the meaning of the 10-day/5-day rule of section 170.6, when there is also a policy and practice, as in the instant case, of reassignment.

While we have held the 10-day/5-day rule is not applicable in the instant case, it is also true that to allow a challenge to be made up to the time the name of the actual judge who will hear a law and motion matter is known does not generate efficiency. But efficiency is not the only consideration here. Rather, the language of section 170.6 is determinative in that it requires the trial judge to be known. In addition, the court in *Bouchard* states that requiring certainty, not mere probability, not only follows section 170.6 but also "reflects the realities of what occurs in multijudge courts, in terms of reassigning matters on particular days in order to expedite the court's business, and in assigning other judges to specialty departments on days when the regularly assigned judge is absent or otherwise occupied. While a 'last-minute' challenge of a judge in the law and motion department might create calendar problems, they are no different from the problems raised by the challenge of a trial judge when the master trial calendar is called. In all such situations, if the frequency of challenges creates practical problems, they can be alleviated considerably by the practice which exists in many counties of encouraging lawyers to advise in advance of the intention to challenge a particular judge, so that tentative arrangements can be made (whenever

.possible) for reassigning the matter if and when the challenge is actually made." (*Id.*, 105 Cal.App.3d at p. 774.)

 The respondent court also based its denial of the motion to disqualify on the fact that although the moving paper was signed, the attached declaration of petitioner's attorney had inadvertently been left unsigned. The record shows that once this omission was pointed out by the court, petitioner's attorney offered and attempted to correct the oversight. Respondent judge refused to permit the correction.

A challenge under section 170.6 may be exercised only once by a party in a matter. This important right should not be defeated by a failure to comply with a formality, particularly when the attorney offers to correct his omission in open court. The signature in open court should have been permitted. "[I]t has been held that it is the duty of a trial judge to see that a case is not defeated by 'mere inadvertence' [citation omitted] . . . and 'to call attention to omissions in the evidence or defects in the pleadings' which are likely to result in a decision other than on the merits. [Citations.]" (*People* v. *St. Andrew* (1980) 101 Cal.App. 3d 450, 456-457 [161 Cal.Rptr. 634].) Here the judge pointed out the defect but refused to allow the correction, contrary to the language of *People* v. *St. Andrew.*

The law is clear that when a party properly makes a motion under section 170.6 and the judge against whom it is directed fails to disqualify himself from hearing the matter before him, his action thereon and his subsequent orders and judgment are null and void. (*Estate of Cuneo* (1963) 214 Cal.App.2d 381-384 [29 Cal.Rptr. 497].) The rulings made by Judge Allen are nullities. Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying the motion to disqualify and all subsequent orders thereto, and to assign the matter to a judge other than Judge Allen.

Taylor, P. J., and Miller, J. concurred.

A petition for a rehearing was denied September 18, 1981, and the petition of real party in interest for a hearing by the Supreme Court was denied October 14, 1981.