[No. B006613. Second Dist., Div. Five. Oct. 16, 1984.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PHYLLIS EMELDA HALL, Real Party in Interest.

**COUNSEL**

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Petitioner.

DeWitt W. Clinton, County Counsel, and Lester J. Tolnai, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**FEINERMAN, P. J.**—By a petition for writ of mandate and prohibition, the People seek to vacate an order denying their motion to disqualify a superior court judge pursuant to Code of Civil Procedure section 170.6.[1] We issued an alternative writ of mandate to resolve the issue of whether the motion was timely filed.

■ Section 170.6 sets forth a procedure by which a party or attorney for a party may move to disqualify a judge. The motion must be supported by an affidavit to the effect that the judge is prejudiced against the party or his attorney so that the party cannot, or believes he cannot, obtain an impartial trial. If the motion is timely and in proper form, the judge must recuse himself and the case must be reassigned to another judge. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182 [137 Cal.Rptr. 460, 561 P.2d 1148].) A party is limited to one such motion.

■ As a general rule, a motion pursuant to section 170.6 may be made at any time prior to commencement of the trial or hearing. There are two exceptions to this general rule. First, "[w]here the judge, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date." This is the so-called "10-day 5-day" exception to section 170.6.

The second exception is the "master calendar" exception: "If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial." This second exception is inapplicable here because the North Valley branch of the Los Angeles Superior Court, in which this case is pending, is on a direct calendaring system.

Real party is currently awaiting trial on five counts of murder (Pen. Code, § 187), five counts of vehicular manslaughter (Pen. Code, § 192, subd. (3)(a)), and two counts of felony driving under the influence (Veh. Code, § 23153, subds. (a) and (b)). Her case is assigned to Department NVD, currently presided over by Judge Robert O'Brien. Judge O'Brien has heard and ruled upon all of the pretrial motions to date.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise noted.

Trial was originally set for November 1983, and then continued to February 9, 1984, April 9, 1984, and July 9, 1984. On July 9, the trial was continued to July 23. On July 12, the People filed their motion to disqualify Judge O'Brien pursuant to section 170.6. The motion was denied on the ground that it was not timely filed. ■ We have concluded that the People are correct in their contention that the motion was timely and should have been granted.

The People cite numerous cases standing for the proposition that where a case is assigned to a department, rather than a particular judge, a motion pursuant to section 170.6 is timely if it is filed at least five days prior to the last scheduled date for trial. (*In re Abdul Y.* (1982) 130 Cal.App.3d 847 [182 Cal.Rptr. 146]; *In re Jose S.* (1978) 78 Cal.App.3d 619 [144 Cal.Rptr. 309]; *Zdonek* v. *Superior Court* (1974) 38 Cal.App.3d 849 [113 Cal.Rptr. 669]; *Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692 [16 Cal.Rptr. 745].) Respondent court contends that its direct calendaring system is more akin to an assignment to a particular judge "for all purposes" than assignment to a particular department.[2] In its return to the alternative writ, respondent submitted a declaration from Judge O'Brien in which he stated that under this direct calendaring system, "It is common knowledge that a particular judge is permanently assigned to one department. Thus, when a case is assigned to a Superior Court department, the judge who will thereafter hear the case for all purposes, is known at the time of the assignment. Once a case is assigned to a particular Superior Court department, it remains there until completion." It is respondent's contention that the People were aware all along that Judge O'Brien would preside at the trial, since he had presided at the pretrial motions and several trial dates had already been set, even though the trial had been continued.

Respondent contends that assignment of the case to Department NVD was, for all practical purposes, the same as an assignment to Judge O'Brien "for all purposes," since he had presided at all the pretrial proceedings and had planned to preside at the trial as well. The fact is, however, that this case was assigned to a *department,* and not to Judge O'Brien "for all purposes." Courts have been reluctant to apply the ten-day five-day rule in this type of situation because of the uncertainty accompanying such an assignment; a litigant might exhaust his right to one peremptory challenge on a judge who may not ultimately preside at the hearing or trial. (See, e.g., *Bouchard* v. *Insona* (1980) 105 Cal.App.3d 768 [164 Cal.Rptr. 505]; *Peo-*

---

[2]The applicability of the 10-day 5-day rule to cases in which a judge has been assigned "for all purposes" was addressed in *Davis* v. *Superior Court* ▌(Cal.App.), on which respondent court relies here. *Davis* has been decertified by the Supreme Court.

*ple* v. *Hall* (1978) 86 Cal.App.3d 753 [150 Cal.Rptr. 412]; *In re Jose S., supra,* 78 Cal.App.3d 619; *Eagle Maintenance & Supply Co.* v. *Superior Court, supra,* 196 Cal.App.2d 692.)

The distinction applies even where a case is assigned to a department in which a particular judge usually presides. A case in point is *In re Jose S., supra,* 78 Cal.App.3d 619. After a series of continuances, a jurisdictional hearing was set for September 15. The case was assigned to a particular department, but not to a particular judge. However, Judge Kirk was the judge who usually presided in that department, and the minor filed a section 170.6 motion assuming that Judge Kirk would preside at the jurisdictional hearing. "This was not an unreasonable assumption," said the court, "for an assignment to a particular department, not to a specific judge, is ordinarily regarded as notice a particular judge usually assigned to that department will hear the case." (78 Cal.App.3d at p. 627.) The court found, however, that a section 170.6 motion was timely when filed more than five days prior to the last continued hearing date: "[A] change of judge may occur in the designated department. No certainty arises a particular judge will hear the case from the fact of assignment, only, to a department. Vacation, illness and reassignment are common occurrences and upset best laid plans. (*Eagle Maintenance & Supply Co.* v. *Superior Court,* 196 Cal.App.2d 692, 694-695 [16 Cal.Rptr. 745].)

"*.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

"There is an uncertainty necessarily inherent in the practice of assigning a cause to a particular department but not to a named judge. The all too common continuance adds unknown variables. A consequent and undue hardship on the litigant flows which negates the underlying thrust of Code of Civil Procedure section 170.6—to grant to the litigant a single reasonable opportunity to disqualify a *known* trial judge. To effectuate this legislative intent, the cases have evolved this rule: Where the hearing date is set, but postponed, a disqualification motion filed five days before the postponed date is timely. (*Eagle Maintenance & Supply Co.* v. *Superior Court, supra,* 196 Cal.App.2d 692, 694, 695; *Woodman* v. *Selvage,* 263 Cal.App.2d 390, 394, 396 [69 Cal.Rptr. 687]; *People* v. *Escobedo,* 35 Cal.App.3d 32, 37 [110 Cal.Rptr. 550]; *Zdonek* v. *Superior Court, supra,* 38 Cal.App.3d 849.)" (78 Cal.App.3d at pp. 627-628.)[3]

---

[3]The court also distinguished the two cases relied upon by the court below here: *Hospital Council of Northern California* v. *Superior Court* (1973) 30 Cal.App.3d 331 [106 Cal.Rptr. 247], and *People* v. *Kennedy* (1967) 256 Cal.App.2d 755 [64 Cal.Rptr. 345]: "In *Hospital Council* the motion to disqualify had been filed only two days before the 'actual true trial date' making it untimely in any event since the identity of the trial judge had long been known. In *Kennedy* the master calendar exception controlled." (*Id.,* 78 Cal.App.3d at p. 627.)

The present case was assigned to a particular *department* of the superior court. Despite Judge O'Brien's characterization of his assignment as "permanent," contingencies arise and reassignments occur. It is for this reason that the law has consistently applied the 10-day 5-day rule of section 170.6 to situations such as this one.

Let a peremptory writ of mandate issue directing the superior court to vacate those portions of its orders dated July 23, 1984, and July 30, 1984, denying as untimely the People's motion for disqualification of Judge O'Brien pursuant to Code of Civil Procedure section 170.6, in that matter entitled People v. Phyllis Emelda Hall, Los Angeles Superior Court case No. A-700011, and enter a new and different order granting said motion.

Stephens, J., and Hastings, J., concurred.